under the sanction of the authorities that hold that such testimony is not offered against the legal representative; also under another line of authorities, where the objection is not specifically raised, such testimony becomes proof in the case which the court is entitled to consider. McLaughlin v. Webster, 141 N. Y. 76, 35 N. E. 1081; Hoag v. Wright, 174 N. Y. 39, 66 N. E. 579, 63 L. R. A. 163; Hickok v. Bunting, 67 App. Div. 560, 73 N. Y. Supp. 967. If parties are silent, surely it is not the court's duty to raise this objection; and how can we reason that the law, which provides specifically in what manner the legal representative may prove his claim as the last of all the creditors, and then only as it results with exceptional notice to the parties interested, in addition to all this places the affirmative duty upon him to raise this objection against himself? The administrator's testimony was not prohibited by the language found in section 829, for it was not offered against an administrator or other person therein specified; and, while the weight that should be given to it may be lessened by his interest, it cannot be said to be inadmissible. Upon this point the referee very fairly says in his opinion:

"In conclusion, it seems proper for me to state that my disallowance of the major portion of the administrator's claim is dictated solely by the legal reasons which have seemed to me controlling, and that nothing in the testimony or that has otherwise come to my attention has caused the slightest suspicion of the bona fides of the administrator's claim."

Accordingly the exceptions to the report are sustained, and the claim is allowed.

Decreed accordingly.

---

(60 Misc. Rep. 636.)

In re DILLON'S WILL.

(Surrogate's Court, Kings County. October, 1908.)

WILLS (§ 540*)—CONSTRUCTION.

Testator by his will gave his wife certain real estate and personal property, and provided that on the death of his wife, if "the property above mentioned remains, it should go to his daughter; that, if the daughter died before testator or his wife, the property should go to his grandchildren." *Held*, that where the mother died before testator, and the daughter survived her mother and father, she took the entire personal estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1162–1164; Dec. Dig. § 540.*]

In the matter of the probate of the will of John Dillon. Probate decreed.

Charles G. Bond, for proponent.
William P. Pickett, special guardian.

KETCHAM, S. The disposing portions of the will requiring construction are as follows:

"First, after my lawful debts are paid, I give to my wife, Mary Dillon, House, lots 200X200 Barn horse Wagons, Harness and farming implements

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Situate Cor. Old Ocean Ave. & Locust st. South Greenfield, Borough of Brooklyn, N. Y.

"And if after the death of my wife the property above mentioned remains, it will be left to my daughter Ann M. Shepperd, of same place.

"If the daughter should die before myself or my wife the above property will be left to my grandchildren, Rebecca, Catharine, Anna, Elizabeth, John & Sarah Dillon, to dispose of at their pleasure."

Where there is a devise to A. for life, with remainder to B., B. takes the fee if A. dies in the lifetime of the testator. Sauter v. Muller, 4 Dem. 389, and cases cited. Where there is a devise to A., whether in fee or otherwise, and a further devise to B. in the event that A. shall die in the lifetime of the testator, B. is a substitutionary devisee. Hence the meaning of the will under consideration must be that, if the wife shall die before the testator, the daughter shall take either as substitutionary legatee or as a remainderman whose interest ripens into possession upon the failure of the particular interest. Under either alternative there is no intestacy.

The grandchildren take nothing, for the only event upon which the gift could ever reach them can never come to pass. Whether the language of the last paragraph quoted contemplates Ann's death before both the testator and his wife, or her death before one or the other of them, need not be regarded, for both are dead before her. The will should be so interpreted that the daughter, Ann, shall receive the entire personal estate in absolute ownership, and this finding should be embodied in the decree of probate.

Probate decreed.