(63 Misc. Rep. 148.)

### In re TIMS' ESTATE.

(Surrogate's Court, Yates County.   April, 1909.)

1. WILLS (§ 439*)—CONSTRUCTION—INTENT OF TESTATOR.
   General rules of construction must give way, where, on a considera-tion of the general scheme of the will, or of special clauses, their ap-plication would defeat the intention.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 955; Dec. Dig. § 439.*]

2. WILLS (§ 634*)—CONSTRUCTION—ESTATES CREATED—VESTED OR CONTINGENT
   Testator devised his residuary real property to nieces for their lives, with remainder over to nephews and another niece.  By another clause he bequeathed his residuary personal property to trustees to pay the in-come to the same primary beneficiaries, with a remainder over to the same remaindermen.  An application of the strict rules of construction to each clause separately would determine that, while the remainder in the real property would vest at testator's death, the remainder in the per-sonal property would not vest until the death of the primary legatees, as the former remainder was given directly to the remaindermen, and the remainder in the personalty indirectly through trustees with direc-tions to "divide."  This application would also result in an intestacy as to one-third of the residuary personal property.  By a subsequent clause testator directed that the legacy devised (first clause above) or bequeath-ed (second clause above) should not lapse upon the death of a remainder-man before they had become vested in him, or before the time appoint-ed for the distribution of the corpus of the personal property, but should pass to his surviving children.  Held, that the remainder in the person-al property vested upon testator's death, and was not contingent upon the survivorship of a remainderman, or his children, to the time of dis-tribution.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

3. WILLS (§ 629*)—CONSTRUCTION—ESTATES CREATED—VESTED OR CONTINGENT.
   A remainder is not to be construed as contingent in any case where it may be vested consistently with testator's intention.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1462; Dec. Dig. § 629.*]

4. WILLS (§ 629*)—CONSTRUCTION—ESTATES CREATED—VESTED OR CONTINGENT.
   A very clear intention must be indicated to postpone the vesting under a residuary bequest, if intestacy is to result, or such may be the ef-fect.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. § 629.*]

5. WILLS (§ 629*)—CONSTRUCTION—ESTATES CREATED—VESTED OR CONTINGENT.
   The law favors such a construction of a will as avoids disinheritance of remaindermen dying before termination of a precedent estate.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1462; Dec. Dig. § 629.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From an order determining the value of the property transferred by the death of Minnie Tims, intestate, and the amount of the tax from such transfer, Mary S. Ketcham appeals. Order affirmed.

M. A. Leary, for appellant, Mary S. Ketcham, as administratrix. John T. Knox, for respondent, State Comptroller.

BAKER, S. An order was made by this court, January 16, 1909, upon reading the report of the appraiser determining the value of the property which was transferred by the death of the decedent intestate and the amount of tax upon such transfer. A notice of appeal from such order by Mary S. Ketcham, as administratrix, was filed January 21, 1909, stating as the grounds of appeal that:

"The appraisal and assessment were made on property not owned by Minnie Tims at the time of her death, which property is alleged to have been received by her under the eighth and ninth clauses of the will of William Whitwell, late of Geneva, Ontario county, N. Y."

The issue made by this notice of appeal is the single question whether William Whitwell expressed in his will an intention that the legacy in remainder to James Tims should vest upon the death of the testator, or should be contingent upon the survivorship of James Tims, or his children, to the time of distribution. If it is a vested remainder, it was transferred by the death of Minnie Tims, the only child of James Tims intestate, to her next of kin and is a taxable transfer; if it is a contingent remainder, it has lapsed, and there has been no transfer.

The will of William Whitwell contains the following provisions:

"[The first six clauses provide for the payment of debts, etc., and for certain specific legacies and devises.]

"Seventh. I give and bequeath unto my nieces Hannah Forden and Cornelia Tims, the use of all the rest, residue and remainder of the real estate of which I shall die seised for and during the term of their joint lives, and for and during the lifetime of the survivor of them, and subject to said life estate therein of Hannah Forden and Cornelia Tims and of the survivor of them, I give, devise and bequeath the said rest, residue and remainder of the real estate of which I shall die seised unto my nephews William Whitwell and James Tims, and unto my niece Cornelia A. Robinson in equal shares to them, their heirs and assigns forever.

"Eighth. All the rest, residue and remainder of the personal estate of which I shall die seised, I give and bequeath unto George A. Forden and Cornelia Tims in trust, however, to invest the same in such securities and investments as to them shall seem best and to keep the same so invested for and during the joint lives of my nieces Hannah Forden and Cornelia Tims, and for and during the lifetime of the survivor of them, and meanwhile to collect and receive the net income, issues and profits arising therefrom and to pay over the income derived therefrom unto my nieces Hannah Forden and Cornelia Tims in equal shares for and during their joint lives and at the death of either of my said nieces to pay the whole of said net income to the survivor for and during the term of her natural life, and, at the termination of the last of said life estates, to divide the said remainder of my personal estate equally between my nephews James Tims and William Whitwell, and my niece Cornelia A. Robinson.

"Ninth. In the event of the death of James Tims, William Whitwell and Cornelia A. Robinson before the legacies hereinbefore bequeathed or devised to them become vested in them or before the time appointed for the distribu-

tion of the residue of my personal estate, the legacies or distributive shares or both of the one or ones so dying shall not lapse but shall pass to their children them surviving in equal shares."

William Whitwell, the testator, died March 27, 1899. James Tims died, intestate, August 27, 1899, leaving but one child, Minnie Tims, who died, intestate, July 19, 1908, and was 50 years of age at the time of her death. Hannah Forden, one of the two primary beneficiaries under the seventh and eighth clauses of the will, survives, and was 65 years of age at the death of Minnie Tims.

It must be conceded that, if the only evidence we have of the intention of the testator is that contained in the eighth clause of the will, the bequest in remainder therein to James Tims would, upon a strict application of the rules of construction, lapse in the event of his death prior to that of the primary legatees, for it is a bequest of a future interest, not directly to James Tims, but indirectly, through the exercise of powers conferred upon trustees; and survivorship to the time of distribution is an essential condition to the acquisition of an interest in the subject of a gift so bequeathed. Warner v. Durant, 76 N. Y. 133; Matter of Baer, 147 N. Y. 348, 41 N. E. 702. This rule, however, has many exceptions and is seldom alone relied upon (Clark v. Cammann, 160 N. Y. 317–327, 54 N. E. 709) and is always subordinate to the primary rule of construction that the construction shall follow the intent to be collected from the whole will, and that the intention of the testator so ascertained must prevail, and that general rules of construction must give way, when, on a consideration of the general scheme of the will, or of special clauses or provisions, their application would in particular cases defeat the intention. Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388, 10 Am. St. Rep. 464; Matter of Embree, 9 App. Div. 602, 41 N. Y. Supp. 737; affirmed, 154 N. Y. 778, 49 N. E. 1096.

By the seventh clause of his will, the testator devises "all the rest, residue and remainder" of his real property to Hannah Forden and Cornelia Tims during their lives, with a vested remainder over to William Whitwell, James Tims, and Cornelia A. Robinson. By the eighth clause of his will the testator bequeaths "all the rest, residue and remainder" of his personal property to trustees, they to pay the income therefrom to the same primary beneficiaries named in the seventh clause, with a remainder over to the same remaindermen named in the seventh clause, which last remainder unexplained would be a contingent remainder. In other words, the testator in different clauses of his will gives a life estate in his real and personal property to the same persons, with remainder over to the same persons, which remainders are to become vested in possession at the same instant; but an application of the strict rules of construction to each clause, separately, would determine that, while the remainder in the real estate would vest in interest at the death of the testator, the remainder in the personal property would not vest in interest until the death of the primary legatees, for the reason that the remainder in the real property is given directly to the remainderman, and the remainder in the personalty is given indirectly, through trustees, with instructions to "divide."

If this was the intention of the testator, upon the death of James Tims or either of the remaindermen before the time for distribution, he would have died intestate as to one-third of the $75,000 residue of his personal property. Was this the intention of the testator? Or was it his intention that James Tims should have like interests in the real and personal estates; and did the testator create the trust, not for the purpose of vesting in the trustees the remainder of the personal estate and thereby defeating a vested right in the remaindermen, but for the purpose of securing the preservation of so large an estate and the payment of the income, so creating a power in trust rather than a title in trust, as was held to be the intention of the will under consideration in Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312, and for the convenience of the estate, as was held to be the intention in Matter of Embree, supra?

I believe the answer is found in the ninth clause of the will, for there the testator provides, in substance, that the legacy bequeathed (eighth clause) or devised (seventh clause) shall not lapse in the event of the death of James Tims before they become vested in him, or before the time appointed for the distribution of the corpus of the personal property, but shall pass to his surviving children, and it indicates that the testator was thoughtful lest, in establishing a trusteeship for the convenience of the personal estate, his intention, that James Tims and the others should take a vested estate in the remainder, might be defeated, and so he adds this ninth clause and attempts to provide for the only possible contingency which could defeat the vesting of the remainder.

It is significant that the testator directs that the legacies, or distributive shares, or both, shall pass to the children instead of using the language of the eighth clause and directing the trustees to "divide" the distributive shares among the children. The ninth clause clearly refers both to the bequest in remainder given in the eighth clause of the will and to the devise in remainder given in the seventh clause, and, I believe, expresses the intention that the personal and real estates in remainder shall be given to the same persons, flow through the same channels, and vest in interest at the same time. He speaks of the death of James Tims and others before the time of vesting, or before the time of distribution, as though they would be different periods. If it was the intention of the testator that the remainder should vest at a period other than the time of distribution, it must follow that it was his intention that the estates in remainder would become vested interests at his death. The words "but shall pass to their surviving children in equal shares" are not words of limitation. They do not refer to the quality of the estate given, but they multiply the persons in whom the estates may vest, and give emphasis to the intention of the testator that the gifts shall not lapse, but pass to the surviving children, as primary legatees and devisees in remainder, and not as representatives by way of substitution for the children were to take, even if their parent died before the testator. Matter of Barker, 45 Hun, 294, affirmed 113 N. Y. 366, 21 N. E. 142 (opinion more fully stated in Thompson Estates, 1450); Clark v. Goodridge, 51 Misc. Rep. 140, 100 N. Y. Supp. 824; Smith

v. Edwards, 88 N. Y. 92; Matter of Dillon's Will, 60 Misc. Rep. 636, 113 N. Y. Supp. 929. It is the "legacies or distributive shares" of the ones dying which the testator says shall "pass," as though the ones so dying were to be possessed of and own such legacies or shares before the period of distribution, and the trustees were not to take a title, but a power in trust, as the trustees took in Steinway v. Steinway, supra.

Having reached the conclusion that Minnie Tims was a primary legatee in remainder, my conclusion that the will expresses the intention of the testator that such legacy should be a vested right is further supported by the rule laid down in Matter of Brown, 154 N. Y. 313, 48 N. E. 537. In that case the trustees at the termination of the life estate were directed to equally divide the corpus of the estate between the children of the testator's two daughters, one-half to the children of each. The Court of Appeals, in subsequently discussing this case in Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709, said:

"It will be observed in that case (Matter of Brown) there were no words of survivorship used with reference to the grandchildren, such as their descendants, or, such as then survive, which were important considerations in determining the meaning of that will, and induced us to hold that, under the statute, the estate vested in the grandchildren; they all being alive at the death of the testator, and having an immediate right of possession upon the determination of the life estate. In the will we now have under consideration (Clark v. Cammann), the provision materially differs. 'And from and immediately after her decease, upon trust, to pay over and divide said principal sum of $10,000 unto and among all her children, share and share alike.' Had the testator stopped here, we would have regarded this will to be in substance the same as in the Brown Case, and should not have hesitated to hold that the legacies vested in the sons; but the testator proceeds, 'and to their lawful representatives forever, as tenants in common, per capita,' etc."

It will be observed that the testator in the will under consideration does not say that, in the event of the death of the legatees in remainder before the time for distribution, the legacies shall pass to the children surviving at the time of distribution, but to the children surviving the death of the legatee. He makes no provision for a distribution of the estate in remainder in the event of the death of any of the children of his nephew or nieces after the death of their parents and before the time of distribution, although it appears that Minnie Tims, the only child of James Tims, was but 15 years younger than Hannah Forden, one of the primary legatees, and was upward of 40 years of age at the death of the testator. It would have been very natural for the testator to have so provided if it was his intention that only the children surviving to the time of division should participate in the division. Goebel v. Wolf, supra. This will is distinguished from that in Matter of Baer, supra, for the provision there was that the remainder be conveyed "to the children and lawful heirs of my brother." Here the remainder is to pass to the children only of James Tims, and not to any other of his heirs.

It is apparent: That it was the contemplation of the testator that the estates in remainder should vest, subject to the life estates created by him at the time of his death, either in his nieces or nephews, or, in the event of the death of either of them before his death or before

the time of distribution, in their children them surviving as primary legatees in remainder; that, when his testamentary labors were ended, he believed that the distribution of his estate had been provided for; that the legacy to James Tims would not lapse in the event of his death, or that of his children, but would pass on through the channel in which he had directed it and would not, in any event, be diverted from that channel to wander uncertainly through the intestate laws, back through himself, to his unknown next of kin; that no construction of his will would sustain a conclusion that he died intestate as to the $75,000 of his property; and that such an intent could not be implied as to his will by the happening of any subsequent events, or by the application of a technical rule of construction.

At the testator's death there was no contingency in this legacy. Neither the persons to whom, nor the event upon which their estate was limited, was uncertain. The legacy in remainder was therefore both under the rules referred to, as well as under the statute, a vested and not a contingent estate. A remainder is not to be construed as contingent in any case where it may be vested consistently with the intention of the testator. Embury v. Sheldon, 68 N. Y. 227–236. The rule is well settled that a very clear intention must be indicated to postpone the vesting under a residuary bequest, if intestacy is to result, or such may be its effect. Miller v. Von Schwarzenstein, 51 App. Div. 18, 64 N. Y. Supp. 475. The law favors such a construction of a will as will avoid disinheritance of remaindermen who may happen to die before the termination of a precedent estate. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

The order appealed from should be affirmed.

Order affirmed.