VAN DEUSEN v. VAN DEUSEN et al.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. WILLS (§ 629*)—CONSTRUCTION—VESTED TITLE.

The construction of a will will be preferred which vests the title immediately upon testator's death, such construction preventing disinheritance in case of the death of a remainderman prior to the termination of the life tenancy, and fixing unalterably the identity of those entitled to the fee, instead of leaving the passing of the estate until the intervening estates are determined.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. § 629.*]

2. WILLS (§ 630*)—CONSTRUCTION—CONTINGENCIES "THEN LIVING."

A will after giving life estates, provided that at the death of the life tenants, or in case "I should survive" them, "then at my death * *. * I give" certain property "to the three youngest children then living of" one of such persons. Held, that the phrase "then living" refers to the words "at my death," rather than to the death of the life tenants, vesting the estates in such children at the death of testator subject to the life estates.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 630.*]

Appeal from Special Term, Onondaga County.

Partition action by Gladys G. Van Deusen against Emma B. Van Deusen, Stephen R. Van Deusen, and others. From a judgment decreeing sale of the premises, defendant Stephen R. Van Deusen appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arthur W. Mawson, for appellant.
Charles P. Wortman, for respondent.

SPRING, J.  The action is in partition, and the plaintiff's right to maintain it at all depends upon the construction of the will of Stephen Dady, deceased.  By that instrument he gave to his wife, Lucy, during life the use of all of his property.  Upon the death of his wife he devised "the use and benefit" of his residence to Mrs. Emma Belle Van Deusen "for and during her natural life."  The third clause of his will is as follows:

"At the death of the said Emma Belle Van Deusen, or in case she should die before the death of my said wife Lucy E. ——— then at the death of my said wife, or in case I should survive both my said wife and the said Emma Belle ——— then at my death I give, devise and bequeath the said house and lot and land to the three youngest children then living of the said Emma Belle Van Deusen in fee share and share alike."

He made a few specific bequests, a general one of $50, and the will contained also a residuary clause.

The testator died in September, 1904, and his widow two months later.  At the time of the death of the testator Mrs. Van Deusen, the second life tenant, had six children.  The three youngest were girls, all minors when he died; the youngest being about 11 years.

Did the devise vest in the three youngest children of Mrs. Van Deusen upon the death of the testator, subject to the life estates, so that only the enjoyment of the property by these children was deferred until the termination of the life tenancies?  If so, the plaintiff, holding as tenant in common a vested remainder, may maintain the action; and, as Mrs. Van Deusen has duly consented, a sale may be had.  Code Civ. Proc. § 1533.  On the other hand, if, as appellant claims, the estate is contingent, not vesting at all until the death of Mrs. Van Deusen, the action cannot be maintained by the plaintiff for she is not now the owner in fee and may never have any title.  The construction will be preferred which vests the title immediately upon the death of the testator.  Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Matter of Russell, 168 N. Y. 169, 175, 61 N. E. 166; Moore v. Lyons, 25 Wend. 119.  This construction prevents disinheritance in case of the death of a remainderman prior to the termination of the life tenancy, and fixes unalterably the identity of those entitled to the fee, instead of leaving the passing of the estate uncertain and in the air until the intervening estates are determined.

The third provision of the will provides that at the death of Mrs. Van Deusen, or in case "I should survive * * * said Emma Belle ——— then at my death * * * I give * * * said house and lot to the three youngest children then living of the said Emma Belle Van Deusen."  The phrase "then living" refers to the death of the testator, which he has already mentioned.  No matter if the words "at my death" are parenthetically inserted, although not so in the punctuating. They are in the will and the words "and then living" naturally by their collocation refer to the words "at my death," rather than at the death of the life tenant.  The whole provision by this interpretation is made plain in that the enjoyment of the fee by the remaindermen is deferred

until the two life tenancies have expired, and yet the vesting of the estate at his death is definitely fixed. I see nothing unreasonable in this construction.

In my judgment this construction coincides with the intention of the testator. The three youngest children were daughters, under age and unmarried. The two eldest were of age and married at the time of the death of the testator. While the son Rex was also under age, the testator had bequeathed to him his watch and chain, and the seventh provision of the will denotes that he was the recipient of the bounty of the testator.

The interlocutory judgment should be affirmed, with costs.

Interlocutory judgment affirmed, with costs. All concur.