EYCLESHEIMER v. HUNTER.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

WILLS (§ 634*)—CONSTRUCTION—VESTED OR CONTINGENT ESTATES AND INTERESTS.

> Testator, a farmer of no legal education, himself drafted his will, and devised and bequeathed all his estate to his wife during her life, and at her death to be equally divided between "our two children [naming them] or their heirs." *Held*, that the remainders were vested; "or their heirs" to be construed with reference to the death of the testator.
>
> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

Action by Anna T. Eyclesheimer against Henry F. Hunter. Submitted upon agreed statement of facts. Judgment for plaintiff.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Bayard L. Peck, of New York City (John T. Hancock, of Brooklyn, on the brief), for plaintiff.

D. A. Marsh, of Brooklyn, for defendant.

PER CURIAM. This is a submitted controversy, wherein plaintiff seeks specific performance of contract for the conveyance of realty. The sole question of law is whether the remainders constituted in the will of Peter D. Eyclesheimer are vested or contingent. The provision up for construction reads as follows:

"I, Peter D. Eyclesheimer of Winter Haven Polk county and state of Florida, a farmer being of a sound mind, make this my last will. I give devise and bequeath my estate and property, real and personal that is or may be now or shall hereafter come to be mine before or after my death to my beloved wife Anna T. Eyclesheimer for her own use and benefit as long as she shall live after which time it shall be equally divided, share and share alike between our two children Clarence M. Eyclesheimer and Mrs. C. F. Greenwood—née—Hattie Eyclesheimer or their heirs."

The testator was and always had been a farmer, of no legal education or experience, and personally drew the will without legal advice or experience.

We think that the remainders are vested. The expression "or their heirs" is to be construed with reference to the death of the testator. Moore v. Lyons, 25 Wend. 119; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811; Lewis v. Howe, 174 N. Y. 340, 341, 66 N. E. 975, 1101; Riker v. Gwynne, 201 N. Y. 150, 94 N. E. 632; Miller v. Gilbert, 144 N. Y. 68, 38 N. E. 979. The defendant should be required to perform. Ebling v. Dreyer, 149 N. Y. 460, 44 N. E. 155.

The judgment should be in favor of the plaintiff, without costs, in accord with the terms of the submission.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes