In the Matter of the Construction of the Last Will and Testament of AMOS R. CLARK, Deceased.

Surrogate's Court, Westchester County, September, 1922.

Wills — construction — when estate modified by subsequent inconsistent provisions of codicil — gift over on death of daughter without children.

Testator gave a life estate in all his property to his wife with direction that at her death the entire estate be divided equally between his two daughters or their heirs. By the first part of the codicil the estate after the termination of the life estate was given in fee to testator's daughters with *proviso* that no part of the same should be given to any person other than of testator's own blood. Following the words of such gift and in the same general paragraph, the codicil provided that in case either of said daughters should die before the other, then the one surviving shall have the share of the one that died, except she have children begotten by her, then said estate to belong to her children and none other. In the event of the death of both daughters leaving no issue there was a gift over of the remainder to the trustees of a designated religious corporation. *Held*, that the language of the codicil was inconsistent with the vesting of a fee simple absolute in the two daughters.

It was the clear intention of the testator to cut down the words of gift of the primary provision, and any property passing to any of the daughters under the will upon her death passed to her sister under the terms of the codicil.

PROCEEDING for construction of will.

*Charles D. Millard*, for executrix.

*Elliott, Robeson & Dean*, for executrix of estate of Josephine C. Corey, deceased.

*William C. Duell*, for Robert Russell Knapp and others.

Misc. 336]    Surrogate's Court, Westchester County, September, 1922.

SLATER, S.   It appears that Amos R. Clark, by the 7th clause of his last will, gave and bequeathed to his wife all his real and personal property for life.   After her death " all to be divided equally between my two daughters or their heirs."   By a codicil he changed the 7th clause of his will in these words:

" Whereas:  I, Amos R. Claik, of the Village of Tarrytown, Westchester Co., State of New York, have made my last Will and Testament in writing bearing date the Twenty-second day of December in the year of our Lord, One thousand eight hundred and eighty-six in and by which I have given and bequeathed to my two daughters, Josephine and Laura Russell as set forth in Sec. Seventh in my said Will and Testament, Viz:   After the death of my wife, Helen, all my Real and Personal Estate which is not otherwise demised and bequeathed in said will and Testament, I have given and bequeathed to my said two daughters, Josephine and Laura Russell.   Now therefore, I do by this my writing which I hereby declare to be a codicil to my last Will and Testament, and to be taken as a part thereof, Order and declare that my will is that the said Real and personal estates given and bequeathed to my two daughters, Josephine and Laura Russell shall and may be used and disposed of as in their judgment they and each of them may seem best, the two to share and share alike in said estates, provided however, that no part of the same shall be given or bequeathed to any person or persons but their own kin of blood, viz, their children begotten of them and none other, and to each other, and in case either of my said daughters, Josephine or Laura Russell shall die before the other then the one surviving shall have the share of the one that is dead except she have children begotten by her then the said Estates to belong to her said children and none other.

" And in case of the death of both of my said daughters and they leaving no children begotten by them, then I give and bequeath the remainder of the said Estates not used for their purpose to the Trustees of the St. Paul's Methodist Episcopal Church in the Village of North Tarrytown Westchester County.   Said Trustees to have and use the same for the benefit of said Church and Parsonage and to the grounds thereof.   As in their judgment they may seem best forever."

Josephine Corey, one of the daughters, died April 4, 1922, leaving a last will and testament whereby she gave all her property to a daughter of her sister, Laura Russell Knapp.   Laura Russell Knapp, the other daughter of Amos R. Clark, is living and has five children, all of full age, and parties in this proceeding.   All the parties to the proceeding agree that the testator intended to give to his

two daughters a life estate only, with the remainder over to their children, or to the surviving daughter, or to the church.

This inquiry is directed to determine the intent of the decedent which when ascertained must be given effect. *Cammann* v. *Bailey*, 210 N. Y. 19, 30. The words of gift in the 7th clause of the will to the daughters " or their heirs " would become words of substitution, and not of limitation, so that, if no codicil existed, upon the death of Josephine Corey, her heir would be her only sister, Laura Russell Knapp, and she would be substituted for the deceased daughter. *Matter of Evans*, 234 N. Y. 42. By the first part of the codicil the property of the testator is given in fee to his two daughters, provided, however, that no part of the same shall be given to any person other than of his own blood. Clearly, if the language ended here, there would be no question; there was an absolute and unqualified gift of the remainder of the estate to his two children. The rule is well established that courts refuse to cut down an estate already granted in fee unless the supposed terms of limitation are in themselves clear, unmistakable and certain so that there could be no doubt of the meaning and intention of a testator. *Tillman* v. *Ogren*, 227 N. Y. 495. Following the words of gift and in the same general paragraph, however, are words of limitation, and a gift over in these words: " And in case either of my daughters, Josephine or Laura Russell shall die before the other then the one surviving shall have the share of the one that is dead except she have children begotten by her then the said estate to belong to her children and none other." In a subsequent paragraph the testator provides, in the event of both of his daughters dying leaving no children, for a gift of the *remainder* over to the trustees of St. Paul's Methodist Episcopal Church, of North Tarrytown. The language is inconsistent with the vesting of a fee simple absolute in the two daughters.

It is my opinion, from the language of the will and codicil, that it was the clear intention of the testator to cut down the words of gift of the primary provision, if it ever existed. Hence, any property passing to Josephine Corey under the will of her father upon her death passed to her sister, Laura Russell Knapp, under the terms of the codicil.

Decreed accordingly.