In the Matter of the Estate of ROBERT A. VAN WYCK, Deceased.

Surrogate's Court, New York County, June, 1923.

**Wills — construction — when " or his heirs " are words of limitation — vested remainders — transfer tax.**

Testator, by his will, made certain provisions for his brother, and provided that in case his brother predeceased him, all provisions for his benefit under the will should go to his direct descendants. By a codicil three trusts were created for the benefit of testator's wife and her daughter, with remainder after their death to testator's brother " or his heirs absolutely and forever." The life tenants are living; the brother died after testator. *Held*, that the words " or his heirs " used in the codicil are words of limitation and not of substitution, and that the remainders vested in the brother upon the death of testator and were taxable against the brother.

APPEAL from order fixing transfer tax.

*Stewart & Shearer* (*James H. Richards*, of counsel), for United States Trust Company.

*Charles A. Curtin* (*John B. Gleason*, of counsel), for State Tax Commission.

FOLEY, S.   The executor appeals from the order fixing the transfer tax on the ground that it erroneously taxed the remainder interests in certain trusts against the trustee for the benefit of persons within the five per cent class.   The executor contends that these interests are properly taxable against the brother of the testator as remainderman.   The question raised by the executor involves the construction of the last will of the decedent.   He died on November 14, 1918.

The 3d paragraph of the will contains a bequest of $12,000 to decedent's brother, Augustus Van Wyck.  This legacy, and other legacies aggregating $48,000, were directed to be paid out of the remaining half of decedent's entire estate.   The residue of this one-half was devised by the same paragraph to his brother Augustus absolutely.   The 5th paragraph of the will also makes his brother or "his direct descendants, as the case may be," by substitution the legatees and devisees of any bequests or devises that may lapse.   By a codicil he directed that one-half of his property should be divided into four equal parts, which he disposed of as follows:   " (a) The first part I give, bequeath and devise to my said Wife absolutely and forever.   (b) The second part I give, bequeath and devise to the United States Trust Company of New York City, United States of America, In Trust however, to pay the income to my Wife during her life and after her death, the principal to my Brother Augustus or his heirs, absolutely and forever.   (c) The third part to said United States Trust Company, in trust however, to pay the income to my Wife during her life, and after death, to pay the income to her daughter Ethel during her life, and after her death, the principal to my Brother Augustus or his heirs absolutely and forever.   (d) The fourth part to said United States Trust Company, in trust however, to pay the income to my said Wife during her life and after her death to pay the income to her daughter Kathryn during her life and after her death, the principal to my Brother Augustus or his heirs absolutely and forever."   Augustus Van Wyck died after the testator.   The widow and daughter, who are the life tenants, are still living.

I am of the opinion that the words " or his heirs " used in the codicil are words of limitation and not of substitution, and that the testator intended to and did use them in that sense.   In *Matter of Evans*, 234 N. Y. 42, similar phraseology was held to have been

used as words of substitution, and the remainder was directed to be paid at the expiration of the life estates to the heirs. In his opinion in that case Judge Cardozo points out: "The question is one of intention to be gathered from the whole will, with context and cognate gifts shedding light upon the meaning." But in the will there construed the "tokens of intention," as termed by the learned jurist, very plainly indicated that the remainder was intended to be contingent, and that the words "or his heirs" were used to substitute the heirs if the remainderman died before the termination of the life estate. In the present case, however, the entire scheme of the will points toward an intention by the testator to use words of limitation and the language vests the remainder in his brother Augustus. In this connection the phraseology of paragraph 6th of the will is important and must be read with the codicil. This paragraph provides that in case his brother Augustus predeceased the testator, all provisions for his benefit under the will should go to his direct descendants. If Augustus lived after Robert he took all the gifts in his favor; if he died before Robert, his heirs or direct descendants were substituted for him. The remainders over after the termination of the trust created by the codicil, therefore, vested upon the death of the decedent in his brother. *Livingston* v. *Greene*, 52 N. Y. 118; *Connelly* v. *O'Brien*, 166 id. 406; *Hersee* v. *Simpson*, 154 id. 496; *Matter of Gee*, 201 App. Div. 540. The words "after her death" did not postpone the vesting. *Matter of Bostwick*, 203 App. Div. 158. The remainder is taxable against the brother. Submit order on notice modifying the order fixing tax.

Ordered accordingly.