In the Matter of the Judicial Settlement of the Estate of MORRILL W. KIDDER, Deceased.

Surrogate's Court, Orleans County, July, 1923.

**Wills — construction — words " or their heirs " construed as words of substitution and not of limitation — when remainders do not vest.**

The will of testator, containing no power of sale, after an absolute bequest to his wife of all his household goods and furniture, contained a clause by which she was given the use and income of the entire estate during her lifetime, with direction that at her death the estate be equally divided between the two daughters of the testator or their heirs, share and share alike. The widow and both daughters are still living. *Held*, that as no contrary intention could be gathered from the rest of 'the will, the words " or their heirs " were to be construed as words of substitution and not of limitation, and that the remainders have not vested.

PROCEEDING to settle accounts of executor and to construe will.

*Gordon H. Payne*, for executor.

*Mark Heath*, for trustee in bankruptcy.

*Gurdon W. Fitch*, special guardian.

*Thompson Brothers*, for Emma A. Kidder.

FLUHRER, S.    A request has been made for the construction of the latter part of a clause of the last will and testament of the testator reading as follows: " I will and bequeath to my wife Emma A. Kidder all household goods and furniture to dispose of as she wishes to.    I also give her the use and income of my estate during her lifetime at her death the estate is to be divided equally between my two daughters Mary E. Merrill and Ettie A. Whitney or their heirs share and share alike."    There are no other provisions contained in the testator's will except a clause providing for the payment of debts and funeral expenses and the clause appointing an executor.    No power of sale is contained in the will.    Emma A. Kidder, the widow, and Mary E. Merrill and Ettie A. Whitney, the daughters, are still living.

It is claimed by the attorney for the trustee in bankruptcy of Mary E. Merrill that under the authority of *Matter of Clark*, 119 Misc. Rep. 336; *Matter of Lowerre*, 104 id. 570; *Matter of Steinwender*, 176 App. Div. 517; *Livingston* v. *Greene*, 52 N. Y. 118, 123; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *Matter of Crane*, 164 id. 71, and *Matter of Embree*, 9 App. Div. 602; affd., 154 N. Y. 778, the words of gift, and the direction to divide or

pay at the death of the widow, amount merely to a postponement of payment for the purpose of letting in an intermediate estate, so that the interests of Mary E. Merrill and Ettie A. Whitney should be deemed to be vested at the death of the testator. It is also claimed by counsel that the words " or his heirs " are words of limitation and not of substitution.

Owing to the fact that the clause quoted above constitutes the entire will, there is nothing in any other part of the will that can be used as a guide in determining the intention of the testator. From a careful examination of *Matter of Evans*, 234 N. Y. 42, it seems that owing to the fact that no contrary intention can be gathered from the rest of the will in the case at bar, the words " or their heirs " used in connection with the direction as to division and payment at the death of the widow must be construed as words of substitution rather than of limitation. In *Miller* v. *Gilbert*, 144 N. Y. 68, cited by the attorneys for the trustee as an authority that the interest in question vested at the death of the testator, it appears that although the words " or their heirs " were similarly used in the first part of that will, those words were followed by another sentence in which the testator referred twice to " my children " without adding the words " or their heirs." So it is apparent that the testator in that case used the words " or their heirs " as words of limitation. Counsel lays great stress upon the case of *Eyclesheimer* v. *Hunter*, 162 App. Div. 643, in which the testator used language that was similar to the language contained in the will in question. That case, however, was decided before *Matter of Evans*, *supra*.

The words " or their heirs," used in connection with the preceding words in the testator's will, are to be construed as words of substitution. Therefore the remainders have not vested.

Enter decree accordingly.

Decreed accordingly.