In the Matter of the Accounting of CHARLES M. BUR-
ROWS et al., as Executors of LORENZO BURROWS,
Deceased, Respondents.

EDWIN S. BURROWS et al., Appellants; CHARLES M.
BURROWS et al., Respondents.

(Argued June 6, 1932; decided July 19, 1932.)

*George B. Barrell* for Edwin S. Burrows et al., appellants. The use of the word " heirs " should be interpreted as substitutional. (*Matter of Evans,* 234 N. Y. 42; *Matter of Kidder,* 121 Misc. Rep. 285; *Matter of Murphy,* 165 App. Div. 783; 215 N. Y. 707; *Whitman* v. *Terry,* 196 App. Div. 282.)

*Burroughs A. Strickland* for Lorenzo Burrows, 3rd, appellant. The will and codicils should be construed together as a whole. The will and codicils clearly show

that it was the testator's intention to give a one-third of his residuary estate to the family of his deceased son, and this intention should be carried out for the reason that intention is the final test on the construction of a will. (*Matter of Grace*, 139 Misc. Rep. 857; *Hadcox* v. *Cody*, 213 N. Y. 570; *Schult* v. *Moll*, 132 N. Y. 122; *West* v. *West*, 215 App. Div. 285; *Matter of Buechner*, 226 N. Y. 440; *Matter of Evans*, 234 N. Y. 442; *Matter of Crouse*, 242 N. Y. 400; *Matter of Rooker*, 248 N. Y. 361.) The words " her heirs and assigns " are sufficient to carry out the testator's intention that the grandchildren should take the legacy given to the daughter-in-law. The words " heirs and assigns " are not as a matter of law words of limitation. (*Tillman* v. *Davis*, 95 N. Y. 17; *Matter of Evans*, 234 N. Y. 42; *Matter of Brown*, 93 N. Y. 295; *Scott* v. *Guerney*, 48 N. Y. 106; *Low* v. *Harmon*, 72 N. Y. 408; *Whitman* v. *Terry*, 196 App. Div. 282; *Matter of Murphy*, 165 App. Div. 783; 215 N. Y. 707; *Leask* v. *Richards*, 110 N. Y. Supp. 653; 188 N. Y. 291; *Matter of Kidder*, 121 Misc. Rep. 285.)

*Frederic M. Thompson* for Charles M. Burrows, respondent. The words " her heirs and assigns " taken in connection with the preceding words " to pay one share to my daughter-in-law " are words of limitation and not words of substitution. (*Matter of Tamargo*, 220 N. Y. 226.)

*Per Curiam.* We find in the language of the will when read in connection with the codicils, a clear intent on the part of the testator that the children of his deceased son, Lorenzo Burrows, who are of his next-of-kin, should take under his will by right of substitution. (*Matter of Evans*, 234 N. Y. 42.)

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with

costs in the Appellate Division and in this court, payable out of the estate.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur; POUND, Ch. J., not voting.

Ordered accordingly.