In the Matter of the Estate of SELINA C. CORNISH, Deceased.

Surrogate's Court, Putnam County, February 13, 1940.

*Alexander & Green,* for Fred M. Carter and The Chase National Bank of the City of New York, as executors and trustees.

*Kirlin, Campbell, Hickox, Keating & McGrann,* for Joel O'Donnell Cornish, Berenice V. Reid and Anna L. Reid, as administratrices, etc., of Bertha Virginia Reid, Joel Cornish Hertsche and Edward Albert Hertsche.

*Joel O'D. Cornish [Joseph F. Luley* of counsel], for Anna V. Metcalf, Virginia Rose Fisher and Albert Arthur Cornish.

*Oudin, Kilbreth & Schackno,* for Dora Louise Bliss, Marian Alma Bliss, Irving Harcourt Bliss, Dwight Monroe Bliss, Fern Kilburn Hyde, Norman Kilburn Tuttle, Victor Hugo Tuttle, Jr., and Martha Kilburn Tuttle Martin.

*Joseph P. Shea,* for Julia Eder.

BAILEY, S. There is before this court for construction clause XII of the will of Selina C. Cornish, which reads as follows: " I will and bequeath to my husband, Edward J. Cornish, six thousand, six hundred sixty-seven (6,667) shares of the National Lead Company Common Stock to be issued at a par value of $10. per share; and also twelve hundred (1200) shares of the Class ' A ' Preferred Stock in said Company; to have and to hold the same to himself and his heirs forever."

Edward J. Cornish, sought to be benefited under the provisions of clause XII, predeceased the testatrix, an eventuality which gives

rise to three divergent claims urged on this application. The parties to the dispute and their respective contentions are: (1) The trustees of the estate who urge that, by reason of the event, the legacy lapsed and becomes part of the residuary estate; (2) the distributees of the deceased beneficiary who forward the contention that the legacy does not lapse, but, by reason of the language employed, namely, " to have and to hold the same to himself and his heirs forever," the bequest passes to them; while (3) the distributees of the testatrix concur in the view that the legacy has lapsed but claim the lapsing has resulted in a partial intestacy so that the property in question passes to them as such distributees.

The general rule in our jurisdiction upholds the first contention, namely, that a legacy lapses when the legatee fails to survive the testator, unless a contrary intent is manifest from the will itself. This has been the established law since *Downing* v. *Marshall* (23 N. Y. 366) and has been repeatedly reaffirmed since that time (*Matter of Wells*, 113 N. Y. 396; *Matter of Tamargo*, 220 id. 225), but it is urged on behalf of the second contention that the will manifests an intention on the part of the testatrix that this legacy does not lapse, but that the words in the habendum clause are to be construed as words of substitution.

Supporting such contention, it is argued that this language " to have and to hold the same to himself and his heirs forever " is used throughout the will in respect to bequests of personal property with the intent that such words be construed not as words of limitation, but as words of substitution; also that the will was prepared by the husband of testatrix who received his legal education in the State of Iowa, and that by the statutes of Iowa if a devisee or legatee predeceases the testator, his heirs shall inherit the property unless a contrary intent is indicated. The latter contention is urged with considerable ingenuity but, in view of the manifest and commonly accepted meaning of the terms employed, speculation ought not to be resorted to in order to achieve so strained and unusual an interpretation of the testatrix's words.

Such language as is used in this clause and used frequently throughout the will was essential at common law to the conveyance of real property; it is no longer necessary for this or any other purpose by reason of statute. (Real Prop. Law, § 240, subd. 1.) When used they have almost uniformly been held to be mere words of limitation. (*Van Beuren* v. *Dash*, 30 N. Y. 393; *Matter of Wells*, *supra; Matter of Tamargo, supra; Matter of Reynolds*, 109 Misc. 453; affd., 192 App. Div. 937; *Matter of Jenkins*, 161 Misc. 359.)

The primary canon of construction is the intent to be gathered from the will; an examination of this will reveals the fact that a habendum clause with language identical or closely akin to that

found in this clause is very generally used. It is used in respect to the legacies to members of her own family and in bequests to the nieces and nephews of her first husband; it is also used in a gift to a friend, as well as in benefactions to her employees.

The use of such unnecessary words throughout the will indicates a lack of skill and experience on the part of the draftsman and conveys the impression that he believed such language to be essential to constitute an absolute gift. It negatives any intention on the part of the testatrix that they be construed to be words of substitution.

An examination of the cases relied upon by counsel in support of this contention shows that where the courts have held the gift to be substitutional, the disjunctive form " or his heirs " has been used; or it has been possible to observe in the will a direction that the gift be substitutional. It will almost invariably be found that the result was to manifest an intention to preserve the bequest or devise for the descendants of the testator or others who were the natural objects of his bounty.

No such situation prevails here. The language has been almost universally held to be a term of inheritance and not a term of substitution. Neither are the " heirs " of her husband persons for whom the testatrix might be presumed to wish to provide beyond that bounty already provided. By the second codicil to this will, executed after the death of her husband, the testatrix diverted to her husband's " heirs " the residue of his estate which had been left to her by his will. This indicated that secondarily to herself, she recognized them as natural beneficiaries of her husband and so provided.

In the absence of a contrary intent in the will, it must be held that the legacy as set forth in clause XII lapsed by reason of the death of Edward J. Cornish before that of the testatrix.

Passing to the contention of the distributees of the testatrix that by reason of the lapse the bequest passes by intestacy, it is also a fundamental rule that where the will contains a residuary clause, lapsed legacies fall into the residue unless an intent to the contrary can be found from the rest of the will. (*Floyd* v. *Carow*, 88 N. Y. 560; *Riker* v. *Cornwell*, 113 id. 115; *Matter of Miner*, 146 id. 121; *Matter of Cole*, 235 id. 48.)

The will in the instant case provided for one-half of the estate to pass to her husband and the other half as a trust estate to be devoted to charitable purposes " after paying the debts owing by me, the costs of administration of my estate, the specific bequests hereinbefore made in this will, together with such other specific bequests as may be made by me in future codicils." Her husband having

predeceased her, it was adjudicated by the decree admitting the will to probate that as to one-half of the residue, decedent died intestate.

In urging that there is also an intestacy as to the shares of stock referred to in clause XII, counsel argues that by the use of the foregoing language and by making a second codicil after her husband's death, disposing of the property derived under his will, an intention is evinced not to include the proceeds of clause XII in the residuary clause.

In *Langley* v. *Westchester Trust Company* (180 N. Y. 326) language of a residuary clause similar to that in this will is discussed, and we find the following (at p. 331): " When he subsequently directs that ' whatever moneys may remain in the hands of my said executors after the payment of the foregoing bequests ' are to be divided and paid out in certain proportions to certain residuary legatees, while it is clear that he intended the specific bequests to take effect, it is equally clear that he intended making a testamentary disposition of all of his estate and such an intention is only effectuated by carrying into the residuary estate any prior ineffectual bequests." In *Moffett* v. *Elmendorf* (152 N. Y. 475), in discussing a similar clause Judge VANN said (at p. 488): " So the gift of all but certain excepted portions ' otherwise given or disposed of ' may refer to gifts effectually made, as distinguished from those which might lapse." (See, also, *Matter of Logasa,* 163 Misc. 628; *Matter of Hartmannsgruber,* 146 id. 85.)

The legacy in clause XII, by reason of the death of the legatee, lapsed and thus became ineffectual. There is no language in the will from which any intention can be gleaned that the general rule should be abated. On the contrary, a second codicil was executed following the death of the legatee without in any way disturbing the provisions of this clause. This legacy had lapsed at that time and had it been the intention of the testatrix that the property should not pass under the residuary clause, such intention could have been carried out in such codicil.

It is, therefore, determined that the shares of stock referred to in clause XII became part of the residue, one-half thereof passing to the trustees pursuant to the residuary clause, and one-half by intestacy to the distributees of the testatrix.

The determination of the court is also requested as to whether within the true meaning and intent of the law, the legatees referred to in clauses XVI and XVII, respectively, were in testatrix's employ at the time of her death. All parties to the proceeding agree that these legatees were in her employ at the time of her death, and from the facts presented to the court it will be adjudged accordingly.

Submit decree in accordance with this opinion, on notice to all parties.