In the Matter of the Accounting of Delmar E. Meyer et al., as Executors of Dina Beinhauer, Deceased Trustee under the Will of Frederick W. Beinhauer, Deceased.

Surrogate's Court, New York County, June 13, 1949.

*Steinkamp & Steinkamp* for Delmar E. Meyer and another, as executors of Dina Beinhauer, deceased trustee under the will of Frederick W. Beinhauer, deceased, petitioners.

*De Forest & Elder* for Presbyterian Hospital in the City of New York, respondent.

*John J. Kane* for Lenox Hill Hospital, respondent.

*William T. Collins II,* for St. John's Guild, respondent.

*Henry N. Steinert* for Harry P. Drake and another, as executors of Joseph R. Drake, deceased, respondents.

FRANKENTHALER, S. In this proceeding a construction is sought of the testator's will, which limited a trust for the lives of his widow and daughter, and then provided that " In case my said daughter shall die before my said wife, leaving issue her surviving I then give, devise and bequeath the property * * * to such issue; if my said daughter should die before my wife leaving no issue I then direct my real estate to be sold and out of the proceeds thereof I give and bequeath the following legacies: to my son-in-law Joseph R. Drake the sum of ten thousand dollars ($10,000); to my brother-in-law Edward Feige or his heirs the sum of five thousand dollars ($5,000); to my brother-in-law William Feige or his heirs the sum of five thousand dollars ($5,000); to my sister-in-law Emma Meyer or her heirs the sum of five thousand dollars ($5,000); to Mrs. Emilie Ludovici or her heirs, the sum of five thousand dollars ($5,000); to my cousin, Frederick Beinhauer, the sum of five thousand dollars ($5,000) if then living, if my said cousin be then dead, the said sum of five thousand dollars together with all the balance of my estate shall be divided equally among " certain named charities.

Testator's daughter, the second life tenant, predeceased the testator, without issue; her husband, Joseph R. Drake, survived the testator but predeceased the first and only actual life tenant. The charitable remaindermen and the executors of Joseph Drake seek a construction of the gift to Drake, to determine whether his interest was vested or whether there was a requirement that he survive the life tenant. The court holds the interest to be vested and therefore passes to the executors of the legatee.

The use of the words '' I give and bequeath the following legacies '' imports an intention to make a present gift (*Matter of Seaman,* 147 N. Y. 69; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Matter of Weaver,* 253 App. Div. 24; *Matter of Evans,* 165 Misc. 752). The gift is of a specific sum to a specific legatee, which further indicates an intention to vest the ownership at the moment of death, although possession is postponed during the period of the life tenancy. The time for payment only is postponed, and not the time of vesting (*Matter of McCombs,* 261 App. Div. 449, affd. 287 N. Y. 557; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Matter of Murphy,* 157 Misc. 5).

The ultimate remaindermen assert in effect that the will evinces a general plan to create six contingent remainders, that the term '' or * * * heirs '' following all but the Drake legacy provides for the contingency by creating substitutionary gifts to the heirs of the legatees upon the failure of the condition of survival, and that the absence of that term in the Drake legacy leaves his gift a simple contingent remainder and that if he fails to survive, his share lapses and his heirs take nothing.

The assumption implicit in this reasoning, of course, is that the substitution of heirs contemplated by the testator is determined at the death of the life tenant, that is, at the time of distribution (*Matter of Evans,* 234 N. Y. 42; *Waxson Realty Corp.* v. *Rothschild,* 255 N. Y. 332; *Marsh* v. *Consumers Park Brewing Co.,* 220 N. Y. 205; *Matter of Meahl,* 241 App. Div. 333; *Weymann* v. *Weymann,* 82 App. Div. 342; *Matter of Kidder,* 121 Misc. 285). The court holds, however, that the substitutionary event was the death of the testator (*Matter of Burrows,* 259 N. Y. 449; *Steinway* v. *Steinway,* 163 N. Y. 183; *Miller* v. *Gilbert,* 144 N. Y. 68; *Matter of Van Wyck,* 121 Misc. 210) and that the gifts to named legatees '' or * * * heirs '' vested in those legatees if they survived the decedent. There is nothing to indicate that the gifts were contingent upon survival of the life tenant.

'' Whether the terms ' or their heirs ' are words of limitation [substitution taking place at death] or words of substitution

[substitution determined at the death of life tenant], depends upon the intention of the testator." (*Matter of Fiske,* N. Y. L. J., Oct. 1, 1943, 760, col. 4; see, also, *Matter of McParlan,* 169 Misc. 1027; *Matter of Cornish,* 173 Misc. 343.) "The question is one of intention to be gathered from the whole will, with context and cognate gifts shedding light upon the meaning." (*Matter of Evans, supra,* p. 45.)

In construing the provisions in this case, it must be borne in mind as part of the "context" that the named beneficiaries, to whose legacies the "or * * * heirs" terms were appended, were the testator's sisters- and brothers-in-law, and of the same generation as the decedent. It may be assumed, therefore, that the testator believed that those of his own generation would die at or about the same time as himself and not outlive the life tenants, one of whom was his daughter. To insure a receipt by them or their families of the benefits intended by his gifts, he created those gifts in remainder for those legatees or their heirs. They were to vest at his death in the persons named, or in the alternative, in their heirs (*Steinway* v. *Steinway, supra; Matter of Burrows, supra; Matter of Van Wyck, supra*). No suspension of vesting was contemplated, nor a requirement of survival of the intended life tenants. (Cf. *Matter of Van Wyck, supra* [gift to brothers or heirs held vested at testator's death], with *Matter of Evans, supra; Matter of Kidder, supra,* and *Matter of Bristol,* 147 Misc. 578 [gifts to children or heirs held contingent until end of intervening estate]).

Drake was of another generation and testator believed that Drake would outlive him. He provided in clause three of the will that Drake continue the testator's business for his own benefit and for the benefit of the life tenants. There was no expectation that Drake would predecease the testator, or that a gift to him would fail, as it might with gifts to persons of his own years (cf. *Matter of Van Wyck, supra*). Furthermore, prior mention and other provision for Drake's presumptive heirs, the issue of testator's daughter, had already been made. Executory bequests were created for the issue of Drake and the testator's daughter, conditioned upon their survival. If any issue survived, their interests would defeat all other gifts in remainder, including that of Drake, even if he survived. If they did not come into being and survive, then the remainders would become indefeasibly vested.

The "cognate gifts" further indicate an intention to create vested estates (*Matter of Evans, supra*). When the testator

desired a substitutionary gift conditioned upon survival of the particular tenants, as in the case of the cousin, Frederick Beinhauer, he clearly limited the gift to the legatee " if then living, if my said cousin be then dead," then gift over in the alternative. The court will not imply other contingent gifts where a testator knew the method of creating such gifts, unless there is a clear necessity therefor in order to comply with the testator's intention. Furthermore, the law favors a construction of a will which will avoid the disinheritance of remaindermen who happen to die before the termination of an intervening estate (*Foote* v. *Peaslee,* 206 App. Div. 329, affd. 237 N. Y. 586; *Van Deusen* v. *Van Deusen,* 138 App. Div. 357; *Matter of Tim,* 63 Misc. 148). The only divesting event was the possible survival of issue of the testator's daughter, who would, if living, have taken the entire remainder estate.

The argument of the remaindermen, therefore, that there was a general plan to erect several contingent gifts, must fail. The gifts over to legatees " or * * * heirs " were vested at death, so that nothing in them carries an implication that Drake's gift was also contingent.

A question has been raised concerning the computation of commissions on the trust estate. The apportionment made by the accounting parties in schedule K of the account is proper and is approved. The receiving commission is payable to the estate. A paying commission on the amounts actually disbursed by the deceased trustee is also payable to her estate. For the accounting parties, the court allows, as prayed, an amount equal to the balance of a total commission on the estate (Surrogate's Ct. Act, § 257; *Matter of Cluskey,* 169 Misc. 264; *Matter of Mims,* N. Y. L. J., May 25, 1949, p. 1870, col. 1).

Attorneys' fees will be fixed upon the submission of an affidavit of services.

Submit, on notice, decree construing the will and settling the account accordingly.