Edward S. Silver, S.
The court is petitioned to construe testatrix’ will in order to determine whether the legacies under paragraphs “third” or “fourth” are now operative. The will was .executed on November 19, 1951, and the testatrix died on August 31, 1954. Under paragraph 1 ‘ third ’ ’ testatrix provided that1 ‘ if Real Peace and Amicable Trade Relations existing between United States and Russia, including settlement of existing Korean hostilities between Communists and United Nations, within ten years after my death, then and in that event only ’ ’ was the residue of her estate to be sent to her brother in Estonia, Europe, to be divided among him, his five children and testatrix’ mother, all of whom then resided and still reside in Estonia except testatrix’ mother and one of the five children of testatrix’ brother, who predeceased testatrix. Under paragraph ‘ ‘ fourth ’ ’ of her will testatrix, using substantially identical language as quoted above, provided that in the event real peace and settlement of the Korean hostilities had not been effected within 10 years of her death, the residuary estate was bequeathed to two nephews, residents of Canada.
It is evident from a reading of the will as a whole that the gift to testatrix’ legatees residing in Estonia was contingent *333 upon the attainment of real peace including settlement of the Korean hostilities between the Communists and the United Nations within If) years of her death. The court takes judicial notice that a t nice exists between the belligerent parties in Korea and that negotiations to effect a settlement have not resulted in a peace treaty to the present date. An armistice or truce temporarily suspends actual combat but the state of war is still deemed to continue until final settlement results in appropriate treaties of peace (93 C. J. S., § 42, p. 123; Oetjen v. Central Leather Co., 246 U. S. 297).
The gift to testatrix’ legatees, named under paragraph “ third ”, was payable to them if the existing Korean hostilities were settled within 10 years of her death, ‘ ‘ then and in that event only ’ ’. The use of the quoted words must be given their plain meaning (Carter, Macy & Co. v. Matthews, 220 App. Div. 679, 683, affd. 247 N. Y. 532; Matter of Smith, 254 N. Y. 283, 290; Matter of Durand, 250 N. Y. 45). Nor may the court reconstruct a will to conform to what may appear the near intention of the testator (Matter of Wittner, 301 N. Y. 461, 465 and cases therein cited). Speculation may not be indulged in as to the wisdom of the testamentary provisions. If not otherwise unlawful (Matter of English, 275 App. Div. 148, affd. 300 N. Y. 644), the testatrix’ testamentary plan must be upheld.
As indicated, the gift to the Estonian legatees was also conditioned upon there being ‘ ‘ Real Peace and Amicable Trade Relations existing between United States and Russia”. In the sense in which the testatrix used and imposed that condition, it is the court’s opinion that the testatrix was primarily concerned with respect to trade relations which would personally affect her Estonian relatives. It is clear that neither testatrix nor the draftsman of the will was expert in International Law. The whole tenor of the testatrix’ will evidences testatrix’ knowledge that at its execution her relatives in Estonia would not then or shortly thereafter in the event of her early death ‘ ‘ have the benefit or use or control of the money or other property ” (cf. Surrogate’s Ct. Act, § 269-a) which she was bequeathing them. She hoped that conditions in .Estonia, forcibly incorporated into Russia, would change within 10 years after her death and give her relatives the truly beneficial use of her bequests. They have not.
The court therefore holds that the gift provided for the Estonian legatees under paragraph “third” was contingent upon the occurrence of the conditions specified thereunder. The conditions have not taken place within the time specified by the testatrix, therefore, the gift for said legatees lapsed (Matter of *334 Crane, 164 N. Y. 71; Clark v. Cammann, 160 N. Y. 315; Matter of Pulis, 220 N. Y. 196; Matter of Burrows, 259 N. Y. 449).
The alternative gift to testatrix’ two nephews named in paragraph “fourth” of the will therefore -became operative and vested in them as of 10 years after testatrix’ death.