## In re MURPHY.

(Supreme Court, Appellate Division, Second Department.   January 29, 1915.)

WILLS (§ 775*)—CONSTRUCTION—RESIDUARY DEVISE—LAPSED LEGACY.

    Testator provided that, should any of the bequests lapse, he directed that the gift so lapsing should form a part of the residuary estate and be disposed of in accordance with the succeeding clause, by which he declared that all the residue of his property he bequeathed to R. "absolutely and in fee to his heirs, executors and administrators and assigns, according to the nature of the property." *Held* that, on the death of such residuary legatee prior to testator's death, the residuary devise did not lapse, but passed to R.'s heirs.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. § 775.*]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the accounts of John Murphy, as executor, etc., of John W. Trim, deceased.   From a surrogate's decree, and from an order denying a motion to vacate a part of the decree, Robert Thomas Ritchie and John Ritchie appeal.   Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Charles E. Hunter, of New York City, for appellants.

Thomas A. S. Beattie, of New York City, for respondent Weaver.

John Murphy, of Brooklyn, for respondent executor.

RICH, J.   John W. Trim died on April 5, 1912, leaving a last will and testament, which was duly admitted to probate, and letters testamentary issued to John Murphy, the executor named in the will.   By the twelfth paragraph thereof the testator devised to his cousin Charles Ritchie, the father of said infants, a house and lot in the borough of Brooklyn, and by the thirteenth paragraph devised another house and lot in said borough to said Charles Ritchie and another cousin, Thomas Ritchie.   The sixteenth and seventeenth subdivisions are as follows:

"Sixteenth. Should any of the gifts and bequests made by me in this my will lapse or fail for any reason, I direct that the gift or bequest so lapsing or failing shall go to form part of my residuary estate and be disposed of under and in accordance with the seventeenth paragraph of this my will.

"Seventeenth. All the rest, residue and remainder of my property and estate, as well real and personal and wheresoever situate which, at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath unto Charles Ritchie hereinbefore named, absolutely and in fee to his heirs, executors and administrators and assigns, according to the nature of the property."

Charles Ritchie was a first cousin of the decedent, and died intestate on March 16, 1912 (predeceasing the testator by approximately 20 days), leaving him surviving, as his heirs at law and next of kin, the infants Robert Thomas and John Ritchie.   The testator left him surviving no widow, issue, father, mother, brothers, sisters, uncles, or aunts.   His next of kin are four first cousins, who would inherit any personal property of which he died intestate.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.
   151 N.Y.S.—34

The only question presented by this appeal is whether the residuary legacy and devise quoted lapsed upon the death of Charles Ritchie. The learned surrogate held that the words "to his heirs, executors and administrators and assigns," in the seventeenth paragraph of the will, were words of limitation and not of substitution, and that, by the death of the residuary legatee during the lifetime of the testator, the legacy to him had lapsed and the decedent died intestate as to the residue of his estate. The appellants concede that such ruling and decision would be correct if there were nothing in the will showing a different intention on the part of the testator, but contend that the will, considered as a whole, and especially the language of its seventeenth subdivision, establishes the intention of the testator to substitute and give such part of his residuary estate as was real property to the heirs, and such part as was personal property to the executors and administrators of Charles Ritchie, for the benefit of his next of kin, in the event that his legatee did not survive him, and in this contention I think they are right. It is the duty of courts to give such construction to the provisions of a will as will effectuate the intent of the testator expressed in, and properly deducible from, the whole instrument, and in so doing words and phrases may be transposed and provisions or words inserted or left out, if necessary, to aid and carry out the testator's actual intent and purpose. Tilden v. Green, 130 N. Y. 31, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487.

The only paragraph in which the testator uses the words "heirs, executors and administrators and assigns" is the seventeenth. He had made 11 different devises and bequests, 2 of such devises being to his cousin Charles Ritchie, and directed the cancellation of two notes owned by him if not paid prior to his death, authorizing his executor to release and discharge their makers, and then provided that, if any bequests or gifts made by him lapsed or failed for any reason, they should form part of his residuary estate and be disposed of in accordance with the seventeenth paragraph of his will, which gave, devised, and bequeathed the same to Charles Ritchie. If he had stopped here, the rule adopted by the learned surrogate would have obtained, but he went further and provided, following a comma: "Absolutely and in fee to his heirs, executors and administrators and assigns." Had he stopped here, perhaps the rule contended for might have obtained, but he proceeds: "According to the nature of the property." These last words are without meaning and wholly superfluous, if it was the intent of the testator, in the event of the residuary legatee predeceasing him, that the legacy should lapse. It will be noted that the residuary bequest and devise are given to "Charles Ritchie hereinbefore named." These words are followed by a comma, and then "absolutely and in fee to his heirs," etc. I think it was the intention of the testator that, if his residuary legatee died first, his heirs, executors, and administrators should take, the heirs taking the real property and his executor or administrator the personal, for the benefit of his next of kin, which would be, in the language of the testator, "according to the nature of the property"; and that this intention is also indicated by the fact that having given real property to Charles Ritchie by the twelfth and

thirteenth subdivisions of the will, without naming his heirs, executors, or administrators or any other successor in the event of his dying first, he provided in the sixteenth paragraph that, if such devises lapsed or failed for any reason, they should go into the residuary estate and be disposed of in accordance with its provisions.

It is my opinion that the devise and legacy given by the seventeenth paragraph of the will did not lapse on the death of Charles Ritchie, but that, under its provisions, his heirs take the real property and his next of kin the net personal estate of the deceased.

The decree and order of the Surrogate's Court of Kings county must be reversed, with costs, and appellants' motion granted, with $10 costs, and the matter remitted to said court for further proceedings. All concur.