In the Matter of the Judicial Settlement of the Account of Proceedings of the FIFTH AVENUE BANK OF NEW YORK, as Executor of NELLIE V. THOMPSON, Deceased. JOHN THOMPSON, a Brother, MARY THOMPSON STOKES, Described in Account as MARY THOMPSON, a Niece, and JAMES BOLAND, Appellants; FIFTH AVENUE BANK OF NEW YORK, as Executor of NELLIE V. THOMPSON, Deceased, ST. VINCENT'S HOSPITAL OF NEW YORK, JOHN THOMPSON, a Nephew, VINCENT BOLAND, and WILLIAM THOMPSON, a Nephew, Respondents.— Decree of the Surrogate's Court of Nassau county, in so far as appealed from, reversed on the law, with costs to the appellants, payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree adjudging that the appellants are entitled to their proportionate shares of the estate as next of kin and heirs at law of Elizabeth Thompson, deceased residuary legatee. The phrase here used by the testatrix in the sixth paragraph of the will, in so far as it related to the residuary bequest to Byron W. O'Hara and Elizabeth Thompson, is broader and different from the conventional phrase which has been held to be words of limitation rather than words of substitution. The broader phrase here used should be construed to be words of substitution and that, therefore, no lapse occurred upon the death of Elizabeth Thompson. Therefore, appellants, as her next of kin, are entitled to proportionate shares of the estate as successors of the deceased residuary legatee. (*Matter of Burrows*, 259 N. Y. 449; *Matter of Evans*, 234 id. 42; *Matter of Murphy*, 165 App. Div. 783.) The additional phrase " according to the nature of the property," used by the testator in the Murphy case, makes for no distinction between that case and this. In other respects the language in the Murphy case is substantially identical with the language in the case at bar. This view gives effect to an otherwise natural purpose of the testatrix, that some of the property which came from her deceased husband should go to his blood relatives. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.

JAMAICA TRADING CORPORATION, Appellant, v. DOEL REALTY CORPORATION, PYRAMID PROPERTIES, INC., SARAH DWORKOWITZ and NATHAN DWORKOWITZ, Respondents.— Order in so far as it modifies the report of the Official Referee by disallowing certain items allowed to the plaintiff therein out of a certain fund deposited in escrow, in accordance with a stipulation of settlement, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.