In the Matter of the Accounting of FIFTH AVENUE BANK OF NEW YORK, as Executor of NELLIE V. THOMPSON, Deceased.

FIFTH AVENUE BANK OF NEW YORK, as Executor, et al., Appellants; JOHN THOMPSON et al., Respondents, Impleaded with Others.

Argued October 20, 1938; decided November 29, 1938.

*William Macy, Arnold Lichtig* and *Herbert A. Mossler* for appellants. Testatrix's will contained words of limitation and not words of substitution, and the residuary bequest lapsed when the legatee predeceased testatrix. (*Matter of Tamargo,* 220 N. Y. 225; *Van Beuren* v. *Dash,* 30 N. Y. 393; *Thurber* v. *Chambers,* 66 N. Y. 42; *Matter of Wells,* 113 N. Y. 396; *Matter of Allen,* 151 N. Y. 243; *Matter of Barrett,* 141 Misc. Rep. 637; *Matter of Steimes,* 150 Misc. Rep. 279; *Matter of Gosden,* 158 Misc. Rep. 99; *Matter of Jenkins,* 161 Misc. Rep. 359; *Matter of Denari,* 300 N. Y. Supp. 1279; *Wood* v. *Mitcham,* 92 N. Y. 375; *Matter of Wells,* 113 N. Y. 396; *Matter of Watson,* 262 N. Y. 284; *Sun P. & P. Assn.* v. *Remington P. & P. Co.,* 235 N. Y. 338.) Appellants are parties aggrieved and entitled to appeal. (*Isham* v. *N. Y.*

*Assn. for Poor,* 177 N. Y. 218; *Matter of Irving Nat. Bank,* 203 App. Div. 863; 204 App. Div. 889.)

*Charles H. Ellner* and *Beatrice Rosenberg* for James Boland, respondent. The appeal from the order denying the motion to amend the record and remittitur by adding the O'Haras as respondents below must be dismissed. (*Matter of Small,* 158 N. Y. 128; *Van Arsdale* v. *King,* 155 N. Y. 325; *City of Johnstown* v. *Wade,* 157 N. Y. 50; *Matter of Sack,* 257 N. Y. 534; *Matter of Robitscher,* 216 N. Y. 665; *Markantonis* v. *Madlan Realty Corp.,* 262 N. Y. 354; *Doyle* v. *Hamilton Fish Corp.,* 207 N. Y. 751; *Depew* v. *Dewey,* 56 N. Y. 657; *Matter of Baldwin,* 158 N. Y. 713; *Matter of Bohnet* v. *Mayor,* 150 N. Y. 279; *Gittleman* v. *Feltman,* 191 N. Y. 205; *Weir* v. *Slocum,* 3 How. Pr. 397; *Matter of Spicer,* 1 Tuck. 80; *Colton* v. *Oshrim,* 155 Misc. Rep. 383; *Matter of Kaplan* v. *Berman,* 37 Misc. Rep. 502; *Newburger* v. *Campbell,* 58 How. Pr. 313; *Aberdeen Bindery, Inc.,* v. *Eastern States P. & Pub. Co.,* 166 Misc. Rep. 904.) The appeal from the order of reversal must be dismissed for want of a party entitled to appeal. (*Metzendorf* v. *Town Improvement Assn.,* 243 App. Div. 712; *Matter of Kanouse,* 2 Abb. Pr. 390; *Bryant* v. *Thompson,* 128 N. Y. 426; *Isham* v. *N. Y. Association for Poor,* 177 N. Y. 218; *Matter of Co-operative Law Co.,* 198 N. Y. 479; *Matter of Heldman,* 151 App. Div. 234; *Matter of Mayer,* 84 Hun, 539; *St. John* v. *Andrews Institute,* 192 N. Y. 382.) Effect must be given to the manifest intent of testatrix expressed in the residuary clause, to make a substitutional disposition, by words of purchase. (*Matter of Tamargo,* 220 N. Y. 225; *Matter of Sargent,* 125 Misc. Rep. 498; *Matter of Briggs,* 131 Misc. Rep. 720; *Waterman* v. *New York Life Ins. & Trust Co.,* 237 N. Y. 293; *Meeks* v. *Meeks,* 161 N. Y. 66; *Matter of Albro,* 165 Misc. Rep. 486; *Matter of Burrows,* 259 N. Y. 449; *Matter of Murphy,* 165 App. Div. 783; 215 N. Y. 707; *Waxson Realty Corp.* v.

*Rothschild,* 255 N. Y. 332; *Matter of Evans,* 234 N. Y. 42; *Matter of Meahl,* 241 App. Div. 333; *Matter of De Puy,* 194 App. Div. 796; *Wetmore* v. *Peck,* 66 How. Pr. 54; *Wright* v. *Trustees of Methodist Church,* 1 Hoff. Ch. 202; *Hawn* v. *Banks,* 4 Edw. Ch. 664; *Drake* v. *Pell,* 3 Edw. Ch. 251; *Matter of Dean,* 166 Misc. Rep. 499.)

*William M. Kilcullen* and *John B. Kelly* for John Thompson et al., respondents. That part of the order of April 22, 1938, denying the motion for a reargument is clearly not appealable and cannot be reviewed in the Court of Appeals. (*Doyle* v. *Hamilton Fish Corp.,* 207 N. Y. 751; *Hooper* v. *Beecher,* 109 N. Y. 609; *White* v. *Benjamin,* 150 N. Y. 258; *Fleischmann* v. *Stern,* 90 N. Y. 110.) That part of the order of April 22, 1938, denying the motion to amend the record on appeal and remittitur is not appealable, not only because such an order is, in its nature, a discretionary order, but for the further reason that the court specifically stated that the motion was denied in the exercise of discretion. (*White* v. *Benjamin,* 150 N. Y. 258; *Matter of Westerfield,* 163 N. Y. 209; *Matter of Baldwin,* 158 N. Y. 713; *Sherman* v. *Page,* 85 N. Y. 123; *Haydorn* v. *Carroll,* 225 N. Y. 84; *Matter of Sherrill* v. *O'Brien,* 186 N. Y. 1; *Richards* v. *Wells Fargo Express Co.,* 215 N. Y. 351; *Gittelman* v. *Feltman,* 191 N. Y. 205; *O' Neill* v. *West Side Sav. Bank,* 194 N. Y. 594; *Fisher* v. *Bullock,* 237 N. Y. 542; *Matter of Bohnet* v. *Mayor,* 150 N. Y. 279; *Matter of City of .New York,* 196 N. Y. 565; *Percival* v. *Percival,* 124 N. Y. 637; *Matter of Viglione,* 264 N. Y. 597; *Matter of Small,* 158 N. Y. 128.) While the executor was a party to the appeal at the Appellate Division, the executor is not a party aggrieved within the statutory meaning of that expression and the appeal taken by the executor from the order of reversal must be dismissed. (*Bryant* v. *Thompson,* 128 N. Y. 426; *Isham* v. *N. Y. Assn. for Poor,* 78 App. Div. 396; 177 N. Y. 218; *Taggert* v. *Fowler,* 200 App.

Div. 878; *Matter of Hodgman*, 140 N. Y. 421; *Matter of Hart*, 239 N. Y. 511; *Matter of Fleming*, 223 App. Div. 849.) The words " heirs, executors, administrators and assigns " in the will are words of substitution and not words of limitation. (*Matter of Murphy*, 165 App. Div. 783; 215 N. Y. 707; *Matter of Moore*, 11 Misc. Rep. 436; *Union Trust Co.* v. *Boardman*, 215 App. Div. 73; *Johnson* v. *Brasington*, 156 N. Y. 181; *Schult* v. *Moll*, 132 N. Y. 122; *Matter of Evans*, 234 N. Y. 42; *Matter of Burrows*, 259 N. Y. 449.)

LOUGHRAN, J. This is a proceeding brought by an executor for settlement of its account and for the construction of a will.

Nellie V. Thompson directed that her residuary estate be divided into two equal portions. One portion she gave to her sister, Hannah W. O'Hara. The other she gave in equal shares to her brother, Bryan W. O'Hara, and to her husband's sister, Elizabeth Thompson. " These two portions," says the will, " are given absolutely and in fee simple to these legatees, their heirs, executors, administrators and assigns forever." Elizabeth Thompson predeceased the testatrix and was survived only by a brother and nephews and nieces. The Surrogate ruled that the words we have quoted were to be construed as words of limitation, with the result that the gift to Elizabeth Thompson lapsed. The Appellate Division held that the words were to be construed as words of substitution, with the result that a lapse was prevented and the gift went to Elizabeth Thompson's distributees.

The foregoing provisions of the will stand quite apart. We find nothing elsewhere in the instrument that colors them or suggests a special purpose in their use. The gift is " to these legatees, their heirs, executors, administrators and assigns." The disjunctive word " or " is no part of the context. In such circumstances, as our cases plainly say, the words can be construed only as mere words of limitation. (*Matter of Wells*, 113 N. Y. 396;

*Matter of Tamargo,* 220 N. Y. 225. Cf. *Matter of Evans,* 234 N. Y. 42; Decedent Estate Law [Cons. Laws, ch. 13], § 29.) The ruling of the Surrogate must, therefore, be upheld.

A question of practice remains. Under the ruling of the Surrogate, the legatees Hannah W. O'Hara and Bryan W. O'Hara take the whole residuary estate. They have not themselves appeared in this proceeding. Before the Surrogate, the executor contended that the gift to Elizabeth Thompson had lapsed. On the appeal by Elizabeth Thompson's distributees to the Appellate Division, the executor, as respondent, maintained that the ruling of the Surrogate was right. As appellant here, the executor takes the same stand. Elizabeth Thompson's distributees, as respondents here, move to dismiss its appeal on the ground that the executor is not a party aggrieved by the result in the Appellate Division.

We agree that the executor has no interest in the issue sufficient to entitle it to be heard in this court solely upon its own account. (*Bryant* v. *Thompson,* 128 N. Y. 426; *Isham* v. *N. Y. Assn. for Poor,* 177 N. Y. 218; *Matter of Chapal,* 278 N. Y. 495.) It appears, however, that throughout this proceeding the executor undertook to represent the legatees Hannah W. O'Hara and Bryan W. O'Hara and that this appeal was taken by it at their request. We see no reason for denying the competency of the executor so to act in their behalf. The consequence of a contrary view would be that any party to a fiduciary's accounting would be at the peril of a technical default unless he made an independent appearance at every stage of the proceeding. We are not prepared to impose so rigorous a requirement — at least where, as in this instance, only questions of law were involved.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division payable out of the estate to all parties appearing separately and

filing briefs. The motion to dismiss the appeal from the order of reversal should be denied, without costs. The appeal from the order of the Appellate Division denying a motion to bring in parties, for a reargument, and to amend the record on appeal and the remittitur, should be dismissed.

LEHMAN, HUBBS and FINCH, JJ., concur; CRANE, Ch. J., O'BRIEN and RIPPEY, JJ., dissent on the question of the construction of the will. All concur as to denial of motion to dismiss appeal from order reversing decree of Surrogate and as to dismissal of appeal from order denying motion to bring in parties, for a reargument and to amend the record on appeal and the remittitur.

Ordered accordingly. (See 279 N. Y. 789.)