■ In the Matter of the Accounting of JOHN C. GLENN, Public Administrator of Queens County, as Administrator C. T. A. of the Estate of EMILY POWERS, Deceased, Respondent. CHRISTOPHER E. MOONEY et al., Appellants; HENRY E. ASHCROFT, as Special Guardian for Unknown Distributees of EMILY POWERS, Deceased, et al., Respondents.— In a proceeding for the judicial settlement of the account of a Public Administrator as administrator *c. t. a.* and to construe the will, the appeal is from so much of a decree of the Surrogate's Court, Queens County, as construes the will. Decree insofar as appealed from affirmed, with one bill of costs to appellants and a separate bill of costs to the respondent administrator, both bills of costs to be paid out of the estate. Paragraph " Second" of the will provided as follows: " SECOND: I give, devise and bequeath all the estate and effects, both real and personal, to which I may be entitled or which I may have power to dispose of at my decease unto my beloved husband, Christopher J. Powers, absolutely and forever. In the event that my said beloved husband shall have predeceased me, or that we shall both die by the same accident, then in that event, I hereby give, devise and bequeath my entire property both real and personal unto my sister-in-law, Mary Mooney, To Have and To Hold the same unto her, her heirs, legal representatives and assigns absolutely and forever." Both of the named beneficiaries predeceased the testatrix. In our opinion the words "heirs, legal representatives and assigns " as used in the will are words of limitation and not of substitution. The bequest to Mary Mooney therefore did not pass to her descendants, but lapsed upon her death prior to that of the testatrix. (*Matter of Wells,* 113 N. Y. 396; *Matter of Tamargo,* 220 N. Y. 225; *Matter of Thompson,* 279 N. Y. 131.) We find nothing in the context in which the quoted language was employed to indicate a contrary intention, nor may such an intention be inferred from the circumstances under which the provisions of the will were framed, even if the allegations of fact contained in appellants' answer be deemed admitted and if we assume that the testatrix did not intend to die intestate. Nolan, P. J., Beldock and Hallinan, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to reverse the decree insofar as appealed from and to remit the matter to the Surrogate's Court for further proceedings in accordance with the following memorandum: We think the court should strive to construe and interpret the instrument in accordance with the intention of the testatrix. (*Matter of Fabbri,* 2 N Y 2d 236.) This will gives to the testatrix' husband " absolutely and forever", and, in the event of his predecease, the gift is " unto my sister-in-law Mary Mooney, To Have and To Hold the same unto her, her heirs, legal representatives and assigns absolutely and forever." Both the husband and the sister-in-law died before the testatrix. It is held that the words " her heirs, legal representatives and assigns " are words of limitation and not of substitution. We agree with the majority that

there are decisions which so hold, and particularly that the earlier of such decisions emphasize that such words have a special significance in the legal art. But it is familiar doctrine that the meaning of words varies in conformity with varying texts. (*Taggart* v. *Murray*, 53 N. Y. 233.) When a testator's intention can be determined from the whole instrument and the competent surrounding facts, there is no room for operation of technical rules. Here it seems apparent that the simple intention was to give to the husband but if he be dead to give to Mary Mooney or her children. The finding of such simple intention is fortified by the following facts: (1) In respect to the gift to the husband the will states merely "absolutely and forever", whereas in respect of the alternate gifts it states "unto * * * Mary Mooney, To Have and To Hold the same unto her, her heirs, legal representatives and assigns absolutely and forever", (2) neither the testatrix nor her husband had descendants, (3) Mary Mooney, who was the husband's sister, did have descendants, which fact was known by the testatrix, (4) Mary Mooney was older than both the testatrix and her husband, and (5) the will of the husband contains an identical dispository scheme.