Alonzo J. Prey, S.
This is a proceeding, as the title indicates, for a construction of the last will and testament of the above-named deceased in which the petitioner seeks to obtain an order construing the trust clause of the will of said deceased which will direct the trustees to invade the corpus of the trust for her support and maintenance.
John A. Messer died a resident of the City of Olean, Cattaraugus County, New York, on the 21st day of January, 1947, leaving a last will and testament and a codicil thereto which were duly admitted to probate in the Surrogate’s Court of Cattaraugus County on February 7,1947. Letters of testamentary trusteeship under said last will and testament were duly issued by the Surrogate’s Court to the First National Bank of Olean, New York, and Theodore J. Gram on the 15th day of December, 1952, and said trustees having continued in such fiduciary capacity to the date of this proceeding. In conjunction with the proceeding for construction, the petitioner also seeks a judicial settlement of the accounts of the trustees and an accounting proceeding has been commenced by the trustees and is now pending before the court.
The petitioner seeks a construction of subparagraph 2 of the first paragraph of Item III of the will which reads as follows: In the event that at any time the net income of the trust estate is insufficient for the care, comfort, maintenance and support of either of the beneficiaries herein named, then such amount of the principal of the trust estate as may be determined by the Trustees in their absolute and uncontrolled discretion to be necessary or proper for the above purposes may be paid to or *418 used or expended for the benefit of said named beneficiaries in such amounts and exclusively to one or both of said beneficiaries as the Trustees may determine in their absolute and uncontrolled •discretion,
The petitioner claims that she does not have sufficient income from the trust to support herself in the manner to which she was accustomed while living with the decedent in his lifetime. The petitioner since the death of the deceased has remarried and she resides with her husband in an apartment building at 206 St. George Street in the City of Toronto, Canada.
The deceased was an oil producer and was one of the principal stockholders of the Messer Oil Company in his lifetime and on his death left a gross estate of $310,422.32. The trustees’ accounting indicates that they have in their hands at the time of the commencement of this proceeding a corpus in said trust which amounts to $258,339.52 and by stipulation, the income of the trust over the years, beginning in 1947 and ending with the year 1960, indicates that the trust income at its maximum status in 1950 was $27,000 and that during the years 1957, 1958, 1959 and 1960 it has varied between the sum of $10,217.68 and $7,561.58, annually. The trust as created by the will was to benefit the decedent’s mother, as well as his wife. The decedent’s mother died in June of 1951 and since that time all of the income of the trust has been paid over to the petitioner.
The remainder beneficiaries consist of sisters and descendants of deceased brothers and sisters of the life beneficiary, the petitioner in this proceeding, and two brothers of the deceased.
The petition asks that the trustees be directed to invade the principal of the trust for the benefit of the petitioner in the amount of $7,500 per year if it be determined that the petitioner’s independent capital resources and income should not be considered in determining whether or not to invade the principal of the trust for her benefit or in the amount of $3,800 if it be determined that the petitioner’s independent income only should be considered or in such amount as justice requires.
The question or issue for the court to determine, therefore, is: Did the testator, in subparagraph 2 of the first paragraph of Item III of his last will and testament, intend to provide for the support of his surviving widow by invasion of principal, regardless of her other resources or income, thus bringing the case within the rule of Matter of Clark (280 N. Y. 155) or did he intend to provide for invasion of principal only in case of necessity as in the line of cases and the rule followed in Matter of Martin (269 N. Y. 305)?
*419 The language of the will is quite clear. * ‘ If the net income of the trust at any time is insufficient for the care, comfort, maintenance and support of the petitioner, then the trustees in their absolute and uncontrolled discretion may pay such amount of principal as may be necessary or proper for such purpose. ’ ’
It is well to note that the question of invasion of principal is to be determined in the absolute and uncontrolled discretion of the trustees, but such discretion is or may be subject to judicial review.
The petitioner seeks to have this court fix a definite figure as to amount of invasion to be permitted or to set some kind of a criterion for the trustees to follow in invading the principal or corpus of the trust. Such request must be denied. (Matter of Rockwell, 26 Misc 2d 709, 711.) The trustees are granted the absolute uncontrolled discretion for invasion of the principal and, therefore, it is the primary responsibility of the trustees to determine the necessary or proper extent of invasion based upon the need or necessity of the trust beneficiary.
In cases such as this, the primary question is: (1) Does the will make an absolute gift of support and maintenance, a charge upon the income and principal, or (2) Does the will make a gift of income coupled with a provision that the principal may be invaded in case of need?
It seems that the most reasonable assumption in the instant case is that it comes within the second catagory and that, therefore, the petitioner is entitled to have applied for her care, comfort, maintenance and support a portion of the principal or corpus of the trust only in the event that the income from the trust supplemented by her independent income and resources shall be insufficient therefor. (Matter of Martin, supra; Matter of Levinsen, 29 Misc 2d 697; Matter of Garrett, 9 A D 2d 545, affd. 8 N Y 2d 725.)
Does the use of the words by the testator “necessary or proper ’ ’ in his will, take the case out of the rule applied in Matter of Martin (supra) ? It is the opinion of the court that it does not. The use of the word “proper ” after the word “necessary” is definitive only and should be interpreted by the trustees as an aid in clarifying their determination in exercising their discretion under the terms of the will and they should give meaning to the word “ proper ” only as it is used in the accepted common usage.
The petitioner has not sustained by proof the allegation in her petition that the trustees have abused their discretion in refusing to invade the principal for her benefit. The trustees, under the language of the will and under the applicable authori *420 ties cited, have the right in exercising their absolute discretion and should consider all the resources and income of the beneficiary individually in determining whether or not it is necessary or proper to invade the corpus of the trust for her care, comfort, maintenance and support.
The rule is so well established that it may be said to be fundamental and elemental that courts will not substitute their judgment for the discretion fairly exercised which is lawfully reposed in officials, courts or tribunals. This rule has long been applied to the office of executor and trustee and the reason, therefore, is well stated in the opinion of the court in Proctor v. Heyer (122 Mass. 525, 529). There the court said, “ The questions relate to the administration of a trust in respect to the matters which the testator has expressly confided to the wise discretion of trustees selected by himself. There is no suggestion, from any quarter, that they are likely to abuse that trust, by an arbitrary or capricious exercise of authority. The judgment of this court cannot be substituted for the discretion of the trustees, reasonably and fairly exercised. ’ ’
This rule is applied by the court in Matter of Shea (234 App. Div. 176). It is only in a case where the will is silent as to whom shall determine the amount necessary for the care, comfort, support and maintenance of a beneficiary and then only is a case presented for judicial determination as to the amount which shall be adequate for the care, comfort, support and maintenance of the beneficiary. (Matter of Kelly, 166 Misc. 774.)
In the instant case the gift from principal was not in terms made conditional upon the necessities of the beneficiary, but rather upon the insufficience of the income to provide care, support, maintenance and comfort for her and, therefore, the case falls clearly within the rule applied by the court in Matter of Martin (supra) in that the gift is not an absolute gift of support, but is a gift of income coupled with a provision that the principal may be invaded in case of need and the trustees in exercising their uncontrolled discretion as to whether or not to invade the principal or corpus of the trust must and should take into consideration in exercising that discretion all of the independent resources and income of the beneficiary.
The court, therefore, finds:
iurst : That the trustees have not abused their discretion.
second : That the court does not have the power to fix and determine the amount of invasion and that such question is for the sole discretion of the trustees subject to the review of the court in the event that they do abuse their discretion in this respect, and
*421 third : That the trustees should consider all of the independent resources of the beneficiary in exercising their discretion under that paragraph and clause of the will, construction of which is sought under this proceeding.