Joseph A. Cox, S.
The question posed by the instant proceeding to construe the decedent’s will is whether the residuary bequest to the decedent’s brother has lapsed.
*866 In paragraph ethth of her will testatrix bequested her entire residuary estate to her brother, “ Wayman J. Brown of #7 Yarmouth Street, Boston, Mass., to have and to hold the same unto him, his heirs, legal representatives and assigns, absolutely and forever.” Wayman J. Brown predeceased the testatrix leaving no issue and his widow contends that the words “ to have and to hold the same unto him, his heirs, legal representatives and assigns, absolutely and forever ’ ’ are words of substitution, and not of limitation, which require the decedent’s residuary estate to be distributed to her as executrix of her deceased husband’s estate.
This contention cannot be sustained. These words in the manner here used have been construed by our Court of Appeals to be words of limitation, and not of substitution, which convey an absolute gift to the person named and do not express an intention that heirs are to be substituted in the place of a predeceased devisee or legatee (Matter of Thompson, 279 N. Y. 131; Matter of Tamargo, 220 N. Y. 225; Matter of Wells, 113 N. Y. 396). In the absence of any express language in the will which indicates that the testatrix had a contrary intention the words used must be interpreted as words of limitation which would convey absolute title to the person named (Matter of Thompson, supra; Matter of Evans, 234 N. Y. 42).
The court therefore holds that as the residuary legatee Way-man J. Brown predeceased the testatrix leaving no issue, the gift to him fails and must be distributed as intestate property. In view of the foregoing letters of administration c. t. a. will issue to the petitioner.