Chief Judge Fuld.
In this proceeding to construe a will, we are presented with the question whether a trustee, vested with sole and absolute discretion to invade the principal of the trust for the support of the life beneficiary, may take the latter’s private resources into account before deciding to effect an invasion.
The testator, Jacob Flyer, died in August of 1964. He was survived by three daughters of a deceased first wife and by a second spouse, Elsie, whom he had married in 1945. In 1960, the latter suffered a severe stroke which left her a hopeless and incurable invalid. Soon thereafter, the testator executed his will giving two thirds of his estate outright — or his entire estate if his wife predeceased him — to his three children in equal shares. Out of the last third, “ or the sum of $20,000, whichever is greater,” he created a trust for his widow, with the remainder to be equally divided at her death among the three daughters. The estate was valued at over $50,000.
The particular clause which prompted the present construction proceeding, after reciting that one third of the testator’s estate was to be given in trust to one of his daughters as trustee ‘ ‘ to pay to [his] wife Elsie or her representative, or to use for [her] benefit * * * the income thereof for [her] life ”, went on to provide that,
“ if such income be insufficient for the support and maintenance of Elsie, my Trustee shall so pay or use from principal sufficient moneys to provide for Elsie’s support and maintenance, in the sole, absolute and uncontrolled discretion of the Trustee. If, in the sole, absolute and uncontrolled discretion of the Trustee, any part of the net income thereof need not be used for the support and maintenance of my said wife, such part of the income shall be added to and become part of the principal of the trust estate.”[1]
*583 The testator’s wife spent virtually the entire four-year period, between the execution of the will by her husband and his death, in hospitals and nursing homes and was finally confined to Pilgrim State Hospital after she had attempted suicide. She has a sister — who was appointed her committee in 1965 — and a daughter by a previous marriage. Her assets, in addition to the trust set up for her benefit, consist of cash and personal property, worth about $10,000, and income from social security payments amounting to about $1,800 a year.
There is due and unpaid a hospital bill of more than $10,000. The petitioner in this construction proceeding — the incompetent’s sister who, as noted, is her committee — contends that the testator ‘ ‘ intended ’ ’ an absolute gift of both income and principal to his widow, without regard to her independent resources, and that, accordingly, the trustee should be required to pay that bill as well as any others which may be incurred. The trustee, one of the testator’s daughters, finds no such requirement in the will. It is her position that her father, though desiring to provide for his widow’s maintenance out of principal in case of necessity, intended her private income to be used and, in support of this claim, calls attention to the fact that the testator had actually used his wife’s social security moneys in paying her hospital bills during his lifetime.
The Surrogate agreed with the petitioner, concluding that the trustee was required to pay all amounts necessary for the widow’s support and maintenance out of both principal and income “ without regard to [her] private resources ”. A closely divided Appellate Division affirmed. The minority took the view that it was clear from the will, as well as from the circumstances existing between the time of its execution and the testator’s death, that he intended his widow’s independent income to be applied toward her support. If the result be otherwise, Justice McGtiverx pointed out in his dissenting opinion,
“ The corpus will be eroded—for as it decreases, its yield will correspondingly diminish, to the point of destruction, if the widow lives long enough. And an injury is wrought to the children of the testator. All the while, the social security payments of the widow here will batten and pointlessly accumulate. Social security was devised to allay the fears and mitigate the *584 privations of old age, not to multiply for some one else, other than the subject, to enjoy.” (29 A D 2d 8,11.)
We agree with the dissenting justices of the Appellate Division that the present case falls within the decisions holding that a trustee is privileged to consider the beneficiary’s independent income before effecting an invasion of principal.
Although the decisions in this area of the law place emphasis on the precise verbiage found in the provision creating the trust, close analysis reveals that they take into consideration more than such verbiage alone in seeking to ascertain the testator’s intent. The language may not, of course, be entirely disregarded but, as in every case in which a will is ambiguous or silent with respect to a controverted matter, it is the testator’s intent which must control, and we educe his design not only from the language employed but from a “ sympathetic reading of the will as an entirety and in view of the facts and circumstances under which [its] provisions * * * were framed.” (Matter of Fabbri, 2 N Y 2d 236, 240; see, also, Matter of Clark, 280 N.Y. 155,160.)
The principle which emerges from the cases may be briefly stated. A trustee, particularly when given uncontrolled discretion to invade principal (see, e.g., Matter of Bisconti, 306 N. Y. 442, 446; Matter of Messer, 34 Misc 2d 416, 420), may, before deciding to effect an invasion, take into account the beneficiary’s independent resources where there is no “ absolute ” gift of principal, the prime gift being that of income, and the testator intended that the “invasion of the principal * * * [be] dependent upon the needs or requirements of the beneficiary.” (Matter of Martin, 269 N. Y. 305, 312; see, also, Matter of Garrett, 9 A D 2d 545, affd. 8 N Y 2d 725; Matter of Hogeboom, 219 App. Div. 131; Matter of Messer, 34 Misc 2d 416, supra.) The rule is, however, different — that is, the trustee may not consider the beneficiary’s income — where the testator attached no condition of need and intended that “ The gift of principal [be] as broad as the gift of interest ” and the first inseparable from the other. (Matter of Martin, 269 N. Y. 305, 310, supra; see, also, Matter of Clark, 280 N. Y. 155, supra; Rezzemini v. Brooks, 236 N. Y. 184; Holden v. Strong, 116 N. Y. 471.)
In the case before us, as already noted, the trustee was given an absolute discretion to invade principal if the income were *585 “ insufficient ” for the wife’s support. Silent though the will itself is as to whether her own income was to be considered, study of the testament as a whole, in the light of the attendant circumstances, makes it plain beyond doubt that, although the testator wished to provide for his wife during her lifetime, his paramount concern was for his daughters and their children and his desire was to preserve* his estate for them.
Turning, first, to the testator’s will, it is instinct with his affection and concern for his descendants. He left his total estate to his three daughters in equal shares if his wife predeceased him. Any income from the trust which she did not need for her support was to be added to the principal which they were to inherit. In the event of a daughter’s predeceasing his wife, he made elaborate provision for gifts over to Ms grandcMldren. Inclusion of the latter provision goes far toward establishing that he did not envisage a possible exhaustion of the trust corpus — a result which might ensue if the principal is to be invaded without regard to his wife’s own income.
As for the situation existing at the time he made his will — wMch continued until his death— the testator’s wife was incurably ill. The trust which he created for her benefit was designed to assure her an income which would take care of her probable needs if, and only if, her social security payments were also applied to her support. In point of fact, he had actually used those payments for that purpose while he was alive, and there is no reason to believe that he wished that practice to be discontinued after he died. He certainly did not intend the social security payments of his hopelessly ill and incompetent wife to accumulate for her heirs and permit the trust principal, which he wished to preserve for his own issue, to be diminished and, perhaps, consumed.
As already appears from our treatment of the cases, the decisions relied upon by the petitioner (see Matter of Clark 280 N. Y. 155, supra; Reggemini v. Brooks, 236 N. Y. 184, supra; Holden v. Strong, 116 N. Y. 471, supra) are inapposite. The court in those cases concluded, not on the basis of the trust language alone, but on the strength of the will as a whole and other relevant factors, that a gift of principal was intended and that the testator’s almost exclusive interest was in the beneficiary, the remaindermen occupying a completely .subsidiary posi *586 tion. On the other hand, as we have seen, the present testator made it quite plain that his children were his primary concern and any provision for his wife from trust principal, as opposed to income, was clearly secondary.
It follows from what we have said that in the present case the trustee was privileged to take' the beneficiary’s independent income into account before invading principal.
The order appealed from should be reversed and the matter remitted to the Surrogate’s Court for further proceedings in accordance with this opinion, with costs to all parties appearing separately and filing separate briefs payable out of the estate.

. If any daughter died before the widow, the testator provided, that daughter’s share was to be held in trust for her children until they reached the age of 21 and, again, the trustee was given “sole, uncontrolled and. absolute discretion” to invade the principal for their benefit or to add to it any income which remained unused.