OPINION OF THE COURT
F. Warren Travers, S.
In this construction proceeding, Robert G. Ross and Paul A. Ross, executors of the last will and testament of Isabella C. Ross, deceased, request the court to make a determination of the construction and effect of paragraph second of decedent’s will.
The will of decedent consisted of two paragraphs only as follows:
"first. I direct my executors hereinafter named to pay my just debts and funeral expenses.
"second: I give, devise and bequeath all of my property, real and personal, of every name, nature and description and wheresoever situate, to the children of my two nephews, Robert G. Ross and Paul A. Ross.”
Robert G. Ross and Paul A. Ross were named executors and duly qualified. A third person, no relation, was also named as a coexecutor, but renounced.
The facts are undisputed. At the time of the death of testatrix, Robert G. Ross had three children, viz., Eda Dianne Ross, born March 16, 1959, Robert Andrew Ross born March 6, 1962, and William Frederick Ross born on March 15, 1964, according to the petition for probate.
At the death of testatrix, Paul A. Ross had two children, Jill Ellen Ross, born September 19, 1961, and Jane Dianne Ross, born on October 5, 1962, according to the petition for probate.
Isabella C. Ross, testatrix, executed her last will and testament on April 21, 1961, and died on December 8, 1975. Her will was admitted to probate in this court on April 1, 1976.
At the time the will was executed on April 21, 1961, Eda Dianne Ross, daughter of Robert G. Ross, was the only child of either nephew. Nearly five months later, Jill Ellen Ross, daughter of the other nephew, Paul A. Ross, was born.
*798 The attorneys for Eda Dianne Ross, and for the general guardian of Robert Andrew Ross, and William Frederick Ross argue that the gift to the residuary legatees in the will is a class gift and that the members of the class take per capita, or one fifth of the residue to each residuary legatee.
Counsel for Jill Ellen Ross and for Francine L. Ross, general guardian of Jane Dianne Ross, urge a construction that paragraph second created two classes. Counsel contends that the children of Robert G. Ross compose one class, and the children of Paul A. Ross compose the other class. The result of such a construction would be an equal distribution of one half the residuary to the children of Robert G. Ross, and one half of the residuary to the children of Paul A. Ross.
First and foremost, in any construction proceeding, is the intention of the testator as expressed in the will. In resolving the construction of a will, it is imperative that the intent of the testator be derived not simply from a single paragraph or portion of the will but from the entire document. The primary rule in every will construction proceeding is to ascertain and to give effect to the decedent’s intentions. (Matter of Jones, 38 NY2d 189; Matter of Kosek, 31 NY2d 475; Matter of Flyer, 23 NY2d 579; Matter of Thall, 18 NY2d 186; Matter of Dammann, 12 NY2d 500; Matter of Larkin, 9 NY2d 88; Matter of Fabbri, 2 NY2d 236.)
In a proceeding of this nature, the court is guided by established rules of construction. These rules, which operate as presumptions, have generally been derived from long experience and past history. Although not binding, they should be considered by the court as an aid in determining intention. Each will must be individually interpreted according to its own facts and terms, but the court is, nonetheless, aided by the thinking of other courts in matters of a similar nature.
At common law, there was a presumption that a disposition to "issue” was a per capita disposition. It has been said that this presumption yields to "a very faint glimpse of a different intention”. (See Matter of Farmers’ Loan & Trust Co., 213 NY 168 and cases cited therein.)
By statute in 1921, the Legislature addressed itself to this situation in enacting section 47-a of the Decedent Estate Law. That section read:
"§ 47-a. Issue to take per stirpes.
"If a person dying after this section takes effect shall devise *799 or bequeath any present or future interest in real or personal property to the 'issue’ of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will.” (As added by L 1921, ch 379, eff April 30, 1921.)
With the enactment of the Estates, Powers and Trusts Law, this section was re-enacted as EPTL 2-1.2, and was broadened to cover distribution as well as disposition. The qualifying clause was also carried over in that the statute is subject to any contrary expression of intention in the will or document creating the interest.
As stated before, the main element to be considered in a construction proceeding is the intent of the testator, and these statutory references are rules of construction to be considered in determining intention.
Counsel representing the interests of Jill Ellen Ross and Jane Dianne Ross, children of decedent’s nephew, Paul A. Ross, argue that the statute (EPTL 2-1.2) is in derogation of the common law and must be strictly construed. Counsel contends that the will under consideration does not contain a disposition "to the issue” of her nephews, but rather "to the children” of her nephews. Further, that there is no codification concerning distribution "to children” and the statute does not apply.
With these contentions, the court disagrees. A reading of the EPTL generally, and, in particular, EPTL 1-2.10, 3-3.3 (subd [b]), and 5-3.3 demonstrates that the word "issue” when used in EPTL 2-1.2 applies to "children”.
EPTL 1-2.10 defines "issue” to be (1) "the descendants in any degree from a common ancestor. (2) The terms 'issue’ and 'descendants’, in subparagraph (1), include adopted children.” (See, also, EPTL 3-3.3, subd [b] [where the term "issue” is again defined to include adopted and illegitimate children].)
EPTL 5-3.3 places a limitation on the amount a testator can give to charitable and certain other groups, if an objection is raised by "An issue or parent”. Certainly, the Legislature did not, in that instance, intend to exclude "child” or "children”.
Counsel for all parties agree in part that this will contains a gift to a class and cite Matter of King (200 NY 189). That case (supra, at p 193) defines a gift to a class as " 'a gift of an aggregate sum to a body of persons uncertain in number at *800 the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons.’ ”
Counsel for the two children of the nephew, Paul A. Ross, contend, however, that paragraph second of the will created two separate classes, one composed of the children of Robert G. Ross, and the other composed of the children of Paul A. Ross. From this, counsel urges an interpretation that testatrix intended that her estate be divided between the two families before it is divided between the members of each family.
Testatrix executed a very short will. The task of the Surrogate is not to write a new will for the testatrix, but to find her intention.
There is indeed a class gift. (Matter of King, supra.) The class is composed of the five children, of these nephews, living at the time of the death of testatrix. All five are of equal relationship.
 Mindful of the language of the will, EPTL 2-1.2, the fact that the legatees are all nieces and nephews of decedent, and finding nothing in the will to call for a distribution per stirpes, the court concludes that it was the intention of Isabella C. Ross, testatrix, to dispose of her assets to these five persons per capita.