■ In the Matter of the Estate of JOCK F. SHANNON, Deceased. PENN BANK, as Executor of JOCK F. SHANNON, Deceased, et al., Appellants; ROBERT ABRAMS, as Attorney-General of the State of

New York, Respondent. — Decree reversed, without costs, and petition granted. Memorandum: Testator's will contained three bequests. The first bequest left the entire estate to testator's wife. In the event that she predeceased testator, an eventuality which came to pass, the will left testator's wife's diamond ring and gold medal to testator's brother-in-law (the brother of his wife). Neither of these bequests included the word "heirs". The final bequest, again applicable only if testator's wife was no longer living, was of the remainder of the estate to testator's brother and brother-in-law, Floyd Wheeler, an undivided one half "to each, their heirs and assigns." All three beneficiaries predeceased testator, who has no heirs at law. Testator's brother likewise had no heirs.

The executor of the will filed a petition with the Surrogate for an accounting, having distributed the property to the heirs of testator's brother-in-law. An attorney was appointed guardian ad litem for unknown distributees and the State Attorney-General's office appeared as well. No objections were raised to the petition and no one sought a construction of the will. Nevertheless, the Surrogate, *sua sponte,* construed the words "heirs and assigns" as being words of limitation and not words of substitution, thus concluding that the bequest lapsed, in effect directing that the property must escheat to the State. We cannot agree with this construction.

Although many rules of will construction have evolved over the years, the cardinal rule is that the intent of the testator will "prevail over all other canons of construction" (*Matter of Clark,* 280 NY 155, 160; *Matter of Sliter,* 286 NY 117, 122; *Matter of Flyer,* 23 NY2d 579, 584; *Matter of Thall,* 18 NY2d 186, 192; *Matter of Dammann,* 12 NY2d 500, 504). "The first principle in all construction proceedings is the intention of the testator as expressed in his will, and all other rules of interpretation are subordinate to this primary one" (*Matter of Symonds,* 79 AD2d 24, 25; see, also, *Matter of Goldstein,* 46 AD2d 449, affd on opn below 38 NY2d 876). Although technical words will generally be given their technical meaning (*Matter of Krooss,* 302 NY 424, 428), this rule will not apply if it is shown that the testator used words in their popular sense (*Lawton v Corlies,* 127 NY 100; see, also, *Doctor v Hughes,* 225 NY 305, 313; *Bliven v Seymour* 88 NY2d 469, 476). Technical rules of construction will not "be permitted to defeat the expressed intention of the testator" (*Fell v McCready,* 236 App Div 390, 395, affd 263 NY 602; *Matter of James,* 146 NY 78, 100-101). Although the words "heirs and assigns" have been construed to be words of limitation and not of substitution (see, e.g., *Matter of Thompson,* 279 NY 131; *Matter*

*of Powers,* 7 AD2d 1023, affd 8 NY2d 1102), such is not the case if a contrary intent is discernible from reading the will as a whole (*Matter of Burrows,* 259 NY 449 ["heirs and assigns" held to be words of substitution]; *Matter of Trim,* 165 App Div 783, affd 215 NY 707).

The testator's intent "from a 'sympathetic reading of the will as an entirety and in view of the facts and circumstances under which [its] provisions * * * were framed' " (*Matter of Flyer, supra,* p 584, quoting *Matter of Fabri,* 2 NY2d 236, 240) was clearly that his property not escheat to the State. His will expresses the intent that his property go first to his wife, if she survives him, and if not that his property go to his brother and brother-in-law, one half "to each, their heirs and assigns." Although to a court of law and to an attorney the term "heirs and assigns" may denote words of limitation and not of substitution, it is doubtful that the significance of this distinction was apparent to Jock Shannon when he executed this will. The words "heirs and assigns" were not used in the bequest to testator's wife nor in the bequest of the ring and medal, but only in the residuary clause. Testator, who had no issue and by the time of his death no heirs at law, went to the trouble of drawing up a will. This act creates a presumption that he did not wish to die intestate (*Matter of Hayes,* 263 NY 219, 225, mot for rearg den 264 NY 459). All the more significant is this presumption in the instant case in which the testator died without heirs. Had testator understood the legal significance of the term "heirs and assigns" he may have been on notice that his will should be changed since, during the 20 years since its execution, all the beneficiaries named therein predeceased him. However, because the will provides that the remainder of his estate will pass to his beneficiaries "their heirs and assigns", he reasonably believed he had done all that was necessary to avoid having his property escheat to the State. Escheat could surely not have been intended (cf. *Matter of Harris,* 98 Misc 2d 742, 746). All concur, except Boomer, J., who dissents and votes to affirm, in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent and vote to affirm. In his will the testator first gave his wife's diamond ring to his brother-in-law and then disposed of the residue of his estate as follows: "[T]o my brother-in-law, Floyd E. Wheeler, of Toledo, Ohio, and my brother, Eugene B. Shannon, of Duluth, Minnesota, share and share alike, that is, an undivided one-half (½) to each, their heirs and assigns." All of the persons named in the will predeceased the testator and there are no known distributees. Surviving are the wife and the child of testator's brother-in-law, who claim the estate.

I agree with the Surrogate that the legacies to the testator's brother and brother-in-law lapsed and no part of the estate passes to the heirs of the brother-in-law. The words "heirs and assigns" are words of limitation and not of substitution (see *Matter of Thompson,* 279 NY 131, mot for rearg den 279 NY 789; *Matter of Vosseler,* 220 NY 225; *Matter of Wells,* 113 NY 396; *Matter of Jenkins,* 161 Misc 359, affd 252 App Div 805). I do not find in the will any expression of a contrary intent (see *Matter of Thompson, supra*), even if we assume that the testator did not intend to die intestate (see *Matter of Powers,* 7 AD2d 1023, affd 8 NY2d 1102).

EPTL 303.4 does not, in this case, prevent the lapse of the residuary legacy, for the statute applies only where a disposition "is ineffective in part"; it has no application here where the disposition is totally ineffective. (Appeals from decree of Cattaraugus County Surrogate's Court, Horey, S. — judicial settlement.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ. [119 Misc 2d 1033.]