In the Matter of the Estate of KATE I. LUCKENBACH,
Deceased. NORSTAR BANK OF LONG ISLAND et al., Respondents;
KANAWHA BANKING & TRUST COMPANY, N. A., Appellant.—In
a proceeding to construe a clause of the will of Kate I.
Luckenbach, and a codicil, the Kanawha Banking & Trust
Company, N. A. (hereinafter Kanawha) appeals from a decree
of the Surrogate's Court, Nassau County (Radigan, S.), dated
June 27, 1985, which, *inter alia,* determined that the bequest
set forth in subdivision J of article EIGHTH of the will to one
Edward Underhill, who predeceased the testatrix, is ineffec-
tive and passes by operation of law pursuant to EPTL 3-3.4 to
the remaining residuary legatees.

Decree affirmed, with one bills of costs payable by the
appellant.

The deceased, Kate I. Luckenbach, executed a will on Janu-
ary 15, 1971, and a codicil to the will on October 1, 1971. She
died on April 27, 1983, and was predeceased by her cousin,
Edward Underhill, who was one of 13 residuary legatees
named under the will. Kanawha is the executor of Edward
Underhill's estate and contends that his legacy under subdivi-
sion J of the residuary clause contained in article EIGHTH of
the Luckenbach will did not lapse upon his death and pass to
the remaining residuary legatees pursuant to EPTL 3-3.4, but
instead vested in Underhill's estate.

The residuary clause contains four bequests to certain non-
profit organizations and nine bequests to various individuals
set forth in three distinct forms. The bequest at issue reads as

follows: "To my said cousin, EDWARD UNDERHILL, two (2) shares". This bequest and one other under subdivision F of the residuary clause to the deceased's sister-in-law, Dorothy Luckenbach Hull, do not condition the legacy on survivorship of the beneficiaries or provide for a gift over.

The second form of bequest in the residuary clause contains survivorship language and provides for a gift over as exemplified by the following bequest under subdivision G of the residuary clause: "To my said nephew, KENNETH DURYEA HULL, JR., one (1) share, or if he shall not survive me, to his issue, share and share alike." The third form of bequest contains no gift over but is conditioned on survivorship as exemplified by the following bequest under subdivision I of the residuary clause: "To my cousin, GRACE GARDNER, of Montreal, Canada, one (1) share, if she shall survive me."

On this appeal, Kanawha raises several issues in support of its main contention that the absence of survivorship language evidences the testatrix's intent to create a substitutionary gift to the estates of Edward Underhill and Dorothy Luckenbach Hull. We disagree. As the Surrogate concluded, an examination of the entire will and codicil indicates that the construction urged by Kanawha is unreasonable because it requires the court to read into the will a provision that was neither expressed nor implied by the testatrix. We note that under several provisions of the will, the testatrix expressly provided for a gift over which is significantly absent in the bequest at issue.

It is well established that a legacy is ineffective where the legatee predeceases the testator unless an intention to make a gift over is manifested in the will (see, Matter of Sorensen, 28 AD2d 534). In this case, Kanawha did not rebut the presumption arising under EPTL 3-3.4 that the testatrix intended to vest the ineffective portion of her residuary estate in the remaining residuary legatees. Contrary to its contentions, a "sympathetic reading of the will as an entirety" does not reveal any ambiguity in the bequest at issue nor an intent of the testatrix to make a substitutionary gift over to Edward Underhill's estate (cf. Matter of Shannon, 107 AD2d 1084, 1086).

We have reviewed Kanawha's remaining contentions and find them to be likewise without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.