■ In the Matter of the Estate of HARRY WINSTON, Deceased. BRUCE WINSTON, Respondent; RONALD WINSTON, Appellant, et al., Respondents. [613 NYS2d 461] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Surrogate's Court of Westchester County (Emanuelli, S.), entered October 16, 1991, which, upon reconsideration, adhered to its prior decision granting petitioner's motion for a protective order vacating a notice of discovery and inspection.

At issue on this appeal is whether respondents, as trustees under the will of decedent, Harry Winston, had the authority to consider petitioner's private resources in exercising their authority to invade the principal of a trust created by the will. Petitioner and respondent Ronald Winston (hereinafter respondent) are decedent's sons. The provision of the will at issue authorizes the trustees "[t]o pay or apply to or for the benefit of [petitioner], at any time and from time to time, so much of the principal of this trust (even to the extent of all) as my trustees in their sole judgment deem appropriate for his support and welfare". After the trustees rejected petitioner's request of a distribution of principal in the amount of $500,000, petitioner commenced this proceeding to compel the distribution of principal. Answers were interposed and respondent served a notice of discovery and inspection on petitioner

to compel him to produce tax returns, bank statements, canceled checks and other financial documents. Petitioner moved for a protective order claiming, *inter alia,* that the information sought is irrelevant. Surrogate's Court granted petitioner's motion and, upon reconsideration, adhered to its prior decision. Respondent appeals from the order of Surrogate's Court.

In *Matter of Flyer* (23 NY2d 579, 584), the Court of Appeals explained: "A trustee, particularly when given uncontrolled discretion to invade principal * * * may, before deciding to effect an invasion, take into account the beneficiary's independent resources where there is no 'absolute' gift of principal, the prime gift being that of income, and the testator *intended* that the 'invasion of the principal * * * [be] dependent upon the needs or requirements of the beneficiary.' * * * The rule is, however, different—that is, the trustee may not consider the beneficiary's income—where the testator attached no condition of need and *intended* that 'The gift of principal [be] as broad as the gift of interest' and the first inseparable from the other" (emphasis in original). The testator's intention is to be "gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" *(Matter of Fabbri,* 2 NY2d 236, 240). In applying these principles, the courts have often sought to determine whether the testator's primary concern was for the beneficiary, with the remaindermen occupying a completely subsidiary position, or the testator's primary concern was to preserve his estate for the remaindermen while providing for the beneficiary during his lifetime *(compare, Matter of Emberger,* 25 NY2d 924, *affg* 31 AD2d 651, *with Matter of Flyer, supra,* at 585).

In the case at bar, there can be little doubt that decedent intended to benefit petitioner with both income and principal from the trust at issue. Nevertheless, it is equally clear from the manner in which the trust was created and the language of the trust provisions in the will that decedent did not intend the invasion of principal provision to be used as a means of distributing principal to petitioner regardless of need. The provisions of the will created a trust upon decedent's death with decedent's widow as beneficiary, and the will directed that upon the widow's death a portion of the remaining principal of her trust be divided into two equal shares. One share was given directly to respondent and the other share

was placed in the trust at issue.* The will directs that the net income of the trust at issue be paid to or for the benefit of petitioner at least semiannually. There is no reference to petitioner's support and welfare in the provision which requires the payment of income to petitioner. The will also directs distribution of specified portions of principal to petitioner at five-year intervals over a 25-year period, beginning on the fifth anniversary of the death of decedent's widow. As in the income provision, the periodic distribution of principal provision contains no reference to petitioner's support and welfare. In contrast, the provision which authorizes the invasion of principal for petitioner's benefit is conditioned by the phrase "as my trustees in their sole judgment deem appropriate for his support and welfare". Thus, the gift of principal embodied in the invasion of principal provision is not as broad as either the gift of income or the gift of principal embodied in the periodic distribution provision.

It is our view that the gifts of income and periodic distributions of principal to petitioner without reference to petitioner's support and welfare, coupled with the inclusion of such a reference in the invasion of principal provision, demonstrate decedent's intent that distributions of principal to petitioner without regard to his need are to be made only at five-year intervals and that any invasion of principal between the periodic distributions must be based upon petitioner's need for support and welfare. Further evidence of decedent's intent can be found by reference to paragraph Third of the will, which granted a lump sum to petitioner on decedent's death and directed that the bequest be held in trust until petitioner reached the age of 35. The trustees were directed to "pay or apply to or for the benefit of [petitioner] the entire net income and such amount or amounts of the principal of this trust as my trustees in their sole judgment deem advisable". The provision contains no reference to petitioner's support and welfare.

By attaching no condition of need for support and welfare, and by making the gift of principal as broad as the gift of income, decedent made clear his intent that petitioner's need should play no role in the invasion of principal of the trust created by paragraph Third of decedent's will (see, Matter of Flyer, 23 NY2d 579, 584, supra). It is equally clear that by

---

* Decedent originally provided for direct distributions to both his sons upon his widow's death, but subsequent codicils created the trust at issue here.

including a condition which involves petitioner's support and welfare in the invasion of principal provision of the trust at issue, decedent intended a different result and required that the trustees consider petitioner's need before invading principal during the intervals between periodic distributions. There is no support in the record for the conclusion that decedent intended the invasion of principal provision in the trust at issue to be a mechanism for accelerating the periodic distributions of principal established by decedent. The order of Surrogate's Court should be reversed and petitioner's motion denied.

Crew III, White and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent. Surrogate's Court properly granted petitioner's motion for a protective order, finding that the language of the will does not indicate any intent on decedent's part to condition the invasion of principal on a showing that petitioner's non-trust income is insufficient for his support and welfare.

The cardinal rule of construction is that a will should be construed to carry out the intent of the testator *(Matter of Martin,* 255 NY 248). Where the testator attaches no conditions of need and the gift of principal is as broad as the gift of interest, the trustee may not consider the beneficiary's income *(see, Matter of Flyer,* 23 NY2d 579). Several factors, including the language of the invasion provision and the will as a whole, indicate that a gift of principal was intended irrespective of the independent resources of petitioner, namely, the language of the will makes the gift of principal very broad. There is no condition that petitioner be compelled or required to deplete his own resources, or the substantial benefits derived under other provisions of the will, before the trustees may invade the principal. The gift from the principal of the trust in this case was not conditioned upon petitioner's needs or the insufficiency of the trust income but solely for his "support and welfare".

Decedent's intent was ascertainable from the bare words of the instrument so that no evidentiary hearing was required.

I would therefore affirm the order of Surrogate's Court.

Ordered that the order is reversed, on the law, with costs, and motion denied.