■ In the Matter of Mark L. Goodman, Grantor. Van Kirk Reeves, Respondent, v Valerie Anne Goodman et al., Appellants. [52 NYS3d 363]—

Order, Surrogate's Court, New York County (Rita S. Mella, S.), entered on or about July 15, 2015, which, to the extent appealed from, upon petitioner's motion, granted petitioner summary judgment dismissing objections 10 and 12, unanimously affirmed, without costs.

The Surrogate's Court correctly dismissed objection 10, which states, among other things, that petitioner trustee improperly distributed principal to or on behalf of the grantor, and that petitioner failed to consider other resources available to the grantor. Under the terms of the trust deed at issue, petitioner had the discretion, but was not required, "to take the beneficiary's independent income into account before invading principal" (*Matter of Flyer*, 23 NY2d 579, 586 [1969]; *see also id.* at 584). In particular, the deed states that "the Trustees shall distribute to the Grantor or in the Trustees' discretion shall apply for [the Grantor's] benefit from the principal of the trust property so much of said principal as in Trustees' discretion shall be deemed advisable for the maintenance of the Grantor in comfort and good health and for any of his emergency needs."

Where, as here, a trustee has discretionary power, "the exercise of that power is not to be the subject of judicial interference, at least if exercised reasonably and in good faith" (*Matter of Preiskel*, 275 AD2d 171, 181 [1st Dept 2000] [internal quotation marks omitted], *lv denied and dismissed* 96 NY2d 812 [2001]). Petitioner made a prima facie showing that he acted reasonably, in good faith, honestly, and from a proper

motive in making the payments to the grantor and his ex-wife. He explained that the grantor was an unsuccessful artist and needed to invade the principal of the trust for basic living expenses. Petitioner also explained that if the grantor did not pay his ex-wife alimony that had been ordered by a French court, the grantor could be sentenced to up to two years in prison and fined 15,000 Euros. Thus, petitioner's payments were a proper exercise of his discretion to make payments "for the maintenance of the Grantor in comfort and good health and for any of his emergency needs." In opposition, objectants failed to raise a triable issue of fact.

Objection 12 states that an amendment to the trust deed constituted a breach of the trust. Objectants are estopped from making this objection, because the objectants themselves signed the amendment and agreed therein to "hold the Trustees harmless for their compliance with the terms of this amendment" (see *Triple Cities Constr. Co. v Maryland Cas. Co.*, 4 NY2d 443, 448 [1958]; *Gray v Met Contr. Corp.*, 4 AD2d 495, 497 [1st Dept 1957]).

Objectants limited their appeal to objections 10 and 12. Therefore, their argument about petitioner's alleged failure to remedy his predecessor's breach of trust, which is not encompassed by those objections, "is not properly before this Court" (*Commissioners of the State Ins. Fund v Ramos*, 63 AD3d 453, 453 [1st Dept 2009]). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.